1839.

Kellinger
v.
Roe.

------

### KELLINGER vs. ROE and others.

Where an application is made to a surrogate to have the applicant appointed general guardian of an infant, if the application is denied and the applicant wishes to appeal from the decision of the surrogate refusing to make such appointment, he should make the infant, and not the relative of the infant who objected to his appointment, a party to his appeal; and the appeal bond should be given to him. And the chancellor, upon the appeal, will appoint so ne suitable person as guardian ad litem for the infant, to answer the petition of appeal and to protect his rights.

The surrogate, upon an application to him to appoint a general guardian of an infant, does not summon the relatives of the infant to attend before him as parties; but only to enable them to attend and give him the necessary information as to the infant's property, and as to who is a proper person to be the general guardian, &c. And the surrogate may, if he thinks proper, appoint any suitable person to be guardian ad litem of the infant, on such application, to procure the requisite proofs; so as to prevent an improper appointment, or the taking of insufficient security in reference to the infant's property.

January 15.

THIS was an appeal from a decision of the surrogate of the county of Westchester, denying the appellant's application to be appointed the general guardian of the person and the estate of Henry Doyer, the son of the petitioner's deceased wife, an infant about ten years of age. Upon the presenting of the petition the surrogate appointed a day for the hearing of the matter, and caused the relatives of the infant to be notified, that they might attend. Upon the day appointed S. E. Lyon appeared in behalf of the respondents, as the relatives of the infant, and objected to the appellant's appointment; and the application was denied. He thereupon appealed from the order and decision of the surrogate; but instead of the infant he made the several persons who had appeared as relatives to object to his appointment, parties to the appeal, and executed the appeal bond to them.

*M. T. Reynolds,* for the appellants.

*Julius Rhoades,* for the respondents.

1839.

Kellinger
v.
Roe.

THE CHANCELLOR. The proper person is not made a party to this appeal, so as to enable me to either affirm or reverse the order appealed from. The object of the legislature in authorizing the surrogate to direct notice of the hearing to be given to the relatives of the infant, residing in the county, was not to make such relatives parties to the proceeding; but merely to enable them to attend, if they thought proper, for the purpose of giving the surrogate the requisite information as to the value of the infant's property and as to the propriety of appointing the applicant the guardian of the infant. And the surrogate may examine them or any other persons on oath as to any matter connected with the application, or as to the propriety of granting the same. But the relatives who appear for the purpose of objecting to the appointment cannot themselves be drawn in to litigate the question with the applicant in their own names, as parties to the proceeding, either by appeal or otherwise. The surrogate may, if he thinks proper, appoint one of such relatives, or any other suitable person, the guardian ad litem of the infant in relation to such application; for the purpose of procuring the requisite proofs, so as to prevent an improper appointment of a guardian, or the taking of insufficient security in reference to the property. And if the appellant thinks himself aggrieved by the denial of his application, and wishes to review the decision of the surrogate by appeal, the appeal bond must be given to the infant himself, as the respondent; and this court will then, upon the application of the infant, or of some of his relatives in his behalf, appoint a proper person as guardian ad litem to protect his rights on the appeal; and to answer the petition of appeal. Where the infant or his relatives do not apply to get a guardian ad litem appointed within a reasonable time for that purpose, the court will appoint one, on the application of the appellant, pto rotect the infant's rights on the appeal.

As these respondents have been improperly made parties to this appeal, and thus subjected to the expense of defending the same, the appeal must be dismissed with costs.