Learned, P. J.
This is an appeal taken by Albert C. Van Vranken, father of the infant, from two orders of the surrogate appointing Anna R. Barhydt guardian of said infant. The first order appointed her on her filing a bond; the second recited the filing of the bond, and appointed her absolutely. The only papers which appear on this appeal are the petition of Anna Barliydt, dated the day the first order was made, and a petition of this appellant dated *446 .the same day, asking the appointment of Antoinette Van Vranken as such guardian, which petition is recited in the first order, and practically denied. •The respondent here, Mrs. Barhydt, first urges that the appeal should be dismissed because the infant has not been made a party; citing section 2573, Code Civil Proe., and Kellinger v. Roe, 7 Paige, 362. The appellant asks that this court take proof of the facts, and appoint a referee for that purpose, under section 2586.
The proceedings taken in this case appear to be somewhat irregular. The -petition in case of an infant under 14 may be by a relative. Section 2827. The petition must state the facts, and the contents must be like those of petitions under section 2823. Among those facts are the relationship of the petitioner to the infant; whether the father and mother of the infant are living; •the circumstances, if any, which render the appointment of another person expedient; whether there has been a general guardian appointed. Section 2822. Hone of these facts are set forth on the petition. Mrs. Barhydt is a mere stranger. The petition must pray that the father or mother be cited. -That was not done. The citation must be served 10 days before the return. Perhaps the recital of the father’s appearance might be a waiver of this. But he was really in court only to present his own petition. He could not be -forced into a hearing of the other. The affidavits presented to us, on which we are asked to take further proof by a reference, assert that the appellant .did not appear at the hearing of the petition of Anna R. Barhydt; and the appellant, the father of the infant, insists on his right to be heard on the appointment. The order says that it appears to the satisfaction of the court -that the infant.will be well taken care of by Anna R. Barhydt. That is not a sufficient reason for taking a child from parental custody, else every child might be taken from its home because some one other than the parents would take good care of it. It is a very serious act to take from a father the guardianship of his infant child. It should not be done unless there be unfitness .on his part, or some other very strong reason. In this case there appears no .evidence showing any grounds for taking away the father’s rights. In fact it would seem thgt go proof was taken by the surrogate, or inquiry into the .circumstances. Section 2825. The order refers to nothing but the “allegations” of the parties. We ought to consider the interest and welfare of the infant as the most important matter in the case. If, as seems to be held in the case cited, she should be a party, she could be brought in under section 2573, and the appeal would not be dismissed. But in Underhill v. Dennis, 9 Paige, 202, 210, the chancellor said that, on an appeal from an order appointing a guardian, there was go absolute necessity for making the infant a party. Kellinger v. Roe, 7 Paige, 362, was an appeal from an order denying the appointment. See, also, in this connection, the last sentence of section 2573. "As the statute does not require notice of the application to be given to the infant under 14, he is probably “legally represented” by the petitioner within ■this section. Underhill v. Dennis, ut supra, also holds that the neglect of -the surrogate to give .notice to the nearest of kin is sufficient ground for reversal. It seems to up that this matter cannot be satisfactorily heard upon-a reference. On the whole, we think that for the defects in the petition, and ■;for the failure to cite the father, we should, in the interest of the infant, reverse the orders, without any prejudice to a renewal of the application by any proper party, and without egsts to any one. All concur.