## SUPREME COURT

DUTTON, an infant, by LEWIS, her Guardian agt. DUTTON.

The application to the surrogate pursuant to 2 *R. S.* 150, § 5, must be by petition.

If a petition presented in pursuance of the provisions of that section contains sufficient facts to give the surrogate jurisdiction of the person of the infant, and he proceeds regularly and appoints a guardian for such infant, such appointment is valid until it shall be reversed or vacated by a direct proceeding for that purpose, and will not be held void although the infant never resided in the county of such surrogate.

An action brought in this court to remove the guardian appointed under such circumstances, can not be sustained.

It seems, the mode of proceeding to remove such guardian is to apply to the surrogate who made the appointment on the ground of the fraud practiced upon him as to the residence of the infant.

*Cattaraugus Circuit, June* 1852.   The complaint in this cause alleges that the plaintiff was the only child of Ransom Dutton, late of the town of Eagle in the county of Allegany (now Wyoming), and who was seized of two farms in said town of Eagle, one of them containing one hundred acres and which was worth $2500, and the other containing one hundred and fifty acres and which was worth $3000.   That Ransom Dutton died on the 21st day of May 1845, so seized, leaving Harriet S. Dutton, his widow, then pregnant (the said plaintiff was born after the death of said Ransom), and leaving a last will and testament by which he devised the income, rents, issues and profits, of all the said real estate to the plaintiff during her minority, except that a debt of about $327 was charged on such rents, issues, and profits of the one hundred acre farm, and the payment of an annuity of $80 a year, payable half yearly during the life time of his widow, was charged on the 150 acre farm, and which annuity was in lieu of dower and the widow accepted the same in lieu of dower.

The said Ransom devised all his real and personal estate to the plaintiff, subject to the above mentioned devises

The will was duly proved before the surrogate of Allegany county.

The complaint further alleged that the plaintiff had no testamentary guardian, and that no guardian of her person or estate had been appointed, except that the surrogate of the county of Allegany on or about the first day of August 1845, appointed or pretended to appoint the defendant guardian of the person and estate of the plaintiff until she should arrive at the age of fourteen years, and until another guardian should be appointed. That the defendant immediately after such appointment, entered into possesion of all such real estate and has received and enjoyed the rents, issues and profits thereof, during all the time since the death of the testator. That at the time of such appointment she was not a resident of Allegany county, but was born and has always resided in Cattaraugus county, and has never at any time been a resident of Allegany county. The plaintiff asks that the said appointment of the defendant as her guardian may be annulled and vacated, and the defendant removed from such guardianship, and for an account of the rents, &c.

The defendant's answer states that on the 4th day of August 1845, a petition was presented to the surrogate of Allegany county, by Harriet S. Dutton, setting forth that the plaintiff was a resident of Allegany county and had no guardian; that the surrogate appointed a day for the hearing of the matter, and such proceedings were afterwards had therein; that the surrogate did, on the ninth day of August, duly appoint the defendant guardian of the said plaintiff, and as such guardian he has taken charge of the real estate of the plaintiff, and received the rents and profits thereof, &c.

The plaintiff in her reply denies that the defendant was duly appointed guardian, as alleged in his answer.

The action was brought to trial on the pleadings, at a Circuit Court held in Cattaraugus county in June 1852. Several questions raised upon the pleadings were discussed and decided, but they are not deemed of sufficient importance to be noticed either by the statements in the pleadings upon which they were raised, or in the opinion.

A. G. RICE, *for Plaintiff.*

M. GROVER, *for Defendant*

Lewis agt. Dutton.

TAGGART, Justice.—The question to be considered and disposed of, is, whether the appointment of the defendant guardian of the plaintiff, by the surrogate of Allegany county, is absolutely void on the ground that the plaintiff resided in another county, or whether such appointment is only voidable?

By subdivision 7 of § 1 of title 1, chapter 2 of the 3d part of the Revised Statutes, surrogates have power " to appoint guardians for minors, to remove them, to direct and control their conduct, and to settle their accounts as prescribed by law.'

By 2 Revised Statutes, 150, § 4, every minor of the age of fourteen, may apply by petition to the surrogate of the county where the residence of such minor may be, for the appointment of such guardian as the minor may nominate, subject to the approbation of the surrogate.

Section 5 provides that if the minor be under the age of fourteen years, any relative or other person, in his behalf, may apply to the surrogate of the county where such minor may reside, for the appointment of a guardian of the minor until he shall arrive at the age of fourteen years, and until another guardian shall be appointed. Upon the making of any such application the surrogate shall assign a day for the hearing thereof, and shall direct such notice of the hearing to be given to the relatives of the minor residing in the county, as he shall on due inquiry think reasonable.

A careful examination of these provisions of the statute, satisfies me that the application for the appointment of the guardian of the infant under fourteen should be by petition, setting forth the facts upon which the surrogate is to act in making the appointment. The infant over the age of fourteen is to apply by petition as provided in section 4; and I can see no reason why a petition should not be required where the application is in behalf of the infant who is under fourteen. It is true the term petition is not mentioned in section 5, but the language of the section by implication relates back to section 4. The sentence " if such minor be under the age of fourteen years, any relative or other person in his behalf may apply," &c., can bear no other construction than that the application is to be made in like manner as provided by section 4; the only change in that respect relates to the person who may apply.

Lewis agt. Dutton.

The proceedings on the application being made, are, however, entirely different. Under section 4, the application is to be made on the nomination of the infant and the approval of the surrogate. Under section 5, the surrogate is to assign a day for the hearing and direct such notice to be given to the relatives of the minor residing in the county, as he shall on due inquiry think reasonable.

In case of Underhill vs. Dennis (9 *Paige*, 202), it appears that a petition was presented, but the order appointing the respondent guardian of the infant was reversed, on the ground that no notice was given to the relatives of the infant, and the respondent was not the proper person to be appointed

I assume then, without examining the answer very critically, that the petition in this case was sufficient *prima facie* to give the surrogate of Allegany county jurisdiction of the person of the plaintiff, and consequently the power of appointing her guardian.

The main question then recurs, can the want of jurisdiction be averred and thereby render the appointment void, or is the plaintiff's remedy by an application to the surrogate to vacate his own order on the ground of the fraud practiced upon him as to the infant's residence?

In case of Borden vs. Fitch (15 *J. R.* 141), the court say "the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it, the want of jurisdiction makes it utterly void and unavailable for any purpose." This doctrine has been re-asserted in a great variety of decisions.

On the other hand, it seems to me, it is utterly absurd to claim that where a court is required to have certain facts proved to confer jurisdiction, and such facts are proved, yet that the party affected by the judgment may, notwithstanding such proof, attack the proceeding collaterally and be permitted to contradict the facts proved to confer jurisdicti

The case of Field vs. Vicker (9 *J. R.* 130), was a case where an attachment had been issued by a justice, founded on sufficient proof. On the return of the attachment the defendant pleaded in abatement that before and at the time of issuing the attachment he resided in, &c., and had not departed nor was about to

Lewis agt. Dutton.

depart from the county, nor did he conceal himself within the same with intent to defraud his creditors. The plaintiff demurred to the plea and the demurrer was sustained by the justice. On this subject the court say: "If the proceedings on the attachment were regular, which is not questioned in this case, the justice had no power to supersede the attachment, but must on the return thereof proceed to hear the cause as upon any other process."

"When certain facts are to be proved to a court having only a special and limited jurisdiction as a ground for issuing process; if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise. *But when the proof has a legal tendency to make out a proper case in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose.* In one case the court acts without authority, in the other it only errs in judgment upon a question properly before it for adjudication. In one case there is a defect of jurisdiction, in the other there is only an error of judgment. Want of jurisdiction makes the act void, but a mistake concerning the just weight of evidence only makes the act erroneous, and it will stand good until reversed" (Miller vs. Brinckerhoff, 4 *Denio*, 119; Matter of Faulkner, 4 *Hill*, 598; Harmon vs. Brotherson, 1 *Denio*, 537: Staples vs. Fairchild, 1 *Comst.* 41).

In this case a petition was presented to the surrogate by a person competent to present the same, and containing (as I assume) sufficient facts to give the surrogate jurisdiction, and the surrogate having had proof before him and adjudicated upon such proof his adjudication will be held conclusive until it is vacated or reversed by a direct proceeding for that purpose.

This is not the proper proceeding to vacate such appointment and will not be sustained for such purpose. The complaint then so far as it seeks a removal of the guardian must be dismissed