CHARLOTTE B. WARDWELL *vs.* HENRY WARDWELL.

A testamentary guardian can only be appointed, under Gen. Sts. c. 109, § 5, by a will executed in the manner provided for the execution of other wills.

APPEAL from the decree of the judge of probate, disallowing proof of the following instrument, as the will of William H. Wardwell :

" Maryland Heights, June 29th, 1863. To all whom it may concern : Whereas God in his infinite wisdom has seen fit to remove from this earth to a brighter and a happier land my wife, the mother of Wm. G. Wardwell, (minor,) and I, Wm. H. Wardwell, his father, being exposed to many dangers and liable to meet death at any time, and as in case of my death said Wm. G. Wardwell would be left without parents to look after his welfare, therefore this is to certify that I, having entire

confidence in Charlotte B. Wardwell, will and do, in case of my death, appoint the said Charlotte B. Wardwell to take said Wm. G. Wardwell, to do and act with and for him as she in her judgment shall see fit, until such time as he shall be able to do and act for himself. Wm. H. Wardwell. Witnessed, Aaron S. Clark."

It was agreed that William H. Wardwell was a soldier in the army of the United States at the time of the execution of the above instrument, and remained in said service, and stationed at Maryland Heights, until he was killed, on the 1st of August 1863; and that, before the presentation of a petition for the probate of the above instrument as his will, Henry Wardwell was duly appointed administrator of his estate.

*N. W. Hazen,* for the appellant. Prior to the Rev. Sts. the form of the execution of this paper would have been sufficient for a will of chattels. A "will in writing" is an ancient phrase in the legislation of the Commonwealth, and always, when used alone, means such a will as might be proved at common law. Anc. Chart. 235. *St.* 1783, *c.* 24, §§ 6, 9. This instrument defined in apt terms the powers and duties of a guardian appointed by the probate court.

*D. Saunders, Jr. & C. Saunders,* for the appellee.

METCALF, J. A father had no authority, by the common law, to appoint a testamentary guardian of his child. 1 Wooddeson, 460. 3 Phillimore, 257. 7 Ves. 370. He was first authorized, in this commonwealth, by the Rev. Sts. *c.* 79, § 6. In England this authority was conferred by *St.* 12 Car. II. *c.* 24, § 8, in these terms : " Where any person hath or shall have any child or children under the age of one and twenty years, and not married at the time of his death, that it shall and may be lawful to and for the father of such child or children, whether born at the time of the decease of the father, or at that time *in ventre sa mere,* or whether such father be within the age of one and twenty years, or of full age, by deed executed in his lifetime, or by his last will and testament in writing in the presence of two or more credible witnesses, in such manner and from time to time as he shall respectively think fit, to dispose of the custody and tuition

of such child or children, for and during such time as he or they shall respectively remain under the age of one and twenty years, or any lesser time, to any person or persons in possession or remainder. ᴐther than popish recusants." That statute was never in fᴗᴚce in this state; 2 Dane Ab. 11; and for this reason the commissioners, who were appointed in 1832 to revise our statutes, ᵛ proposed for the consideration of the legislature " the sixlh section of *c.* 79 of their report, (see their note to this section,) as follows : " Every father may, by his last will in writing, appoint a guardian or guardians for any of his children, whether born at the time of making the will or afterwards, to continue during the minority of the child, or for any less time ; and every such testamentary guardian shall have the same powers, and shall perform the same duties, with regard to the person and estate of the ward, as a guardian appointed by the judge of probate." This was enacted *verbatim* as the commissioners reported it, and is continued in force by the Gen. Sts. *c.* 109, § 5 ; and it presents various questions. But we need, in the present case, to decide none of them but this : Is the instrument now before us a " last will in writing," within the statute meaning ? And we are of opinion that it is not; because it is not executed in the manner prescribed by the Rev. Sts. *c.* 62, and the Gen. Sts. *c.* 92, for the execution of all other wills in writing, to wit, by being attested and subscribed in the testator's presence by three or more credible witnesses. No form of execution being expressly prescribed, by statute, for wills appointing guardians, it is for the court to decide what that form shall be. And as there is no common law respecting this class of wills, we resort to the law prescribed by the legislature in the analogous cases of written wills of property. For aught that we perceive, the same reasons for requiring those wills to be attested by three witnesses apply to wills for the appointment of guardians. And one statute should be so construed as to comport with others on like subjects, unless its terms preclude such construction. This rule is specially applicable to different parts of our Revised Statutes and General Statutes, the whole of which were enacted simultaneously. By applying this rule to this case, the words

"last will in writing," in Gen. Sts. *c.* 109, § 5, mean such last will in writing as is valid by the provisions of chapter 92, §§ 1, 2, 6, and no others.

It is not difficult to account for the omission, in the Rev. Sts. *c.* 79, § 6, of an expressed direction that wills for the appointment of guardians should be attested by three witnesses. The commissioners, in their report of *c.* 62, inserted no provision concerning wills of personal estate, and proposed none in their notes to that chapter. And there were then no statutes concerning such wills. By our common law, certain minors might dispose of their personal estate by will; 1 Pick. 239; and no attesting witness to wills of such estate was required. 3 Pick. 374. 3 Dane Ab. 450, 451. But the legislature introduced into that chapter (§§ 5, 6) provisions which took from all minors their former power to make such wills, and required every such will to be attested and subscribed by three or more witnesses, as had for centuries been required for the due execution of devises of real estate. And probably no one will doubt that the same provision would have been made respecting wills for the appointment of guardians, if the authority to appoint them which was contained in chapter seventy-nine had been introduced into chapter sixty-two. It is not to be supposed that the legislature would purposely have prevented a father from bequeathing a shilling to his child, except by a will attested by three witnesses, and yet have given him the power — a power withheld for more than two hundred years — to place a guardian over him during his minority, by a will attested by no witness, or by less than three. Nor is it to be supposed that the commissioners would have suggested the provision for wills appointing guardians, without prescribing the manner of their execution, if they had proposed, in *c.* 62, the changes therein made by the legislature. They proposed the appointment of guardians by will, not as a part of the system now found in that chapter, and still in force, but only as an addition to the previously existing laws of the Commonwealth concerning wills, which laws, as already stated, then required no witnesses to any wills not made for the disposition of real estate.

The appellant has not attempted to show that the instrument on which she relies was executed according to the laws of Maryland, where it was made, and that it therefore might by the Gen. Sts. *c.* 92, § 8, be proved, allowed and recorded in this state.

The judge of probate rightly refused to admit this instrument to probate, and his decree is to be affirmed. But he may nevertheless appoint the appellant guardian of Wm. G. Wardwell, if she is found to be a suitable person to receive the appointment; and the expressed wish of the deceased father is entitled to great regard. But that wish is not to prevail if the judge of probate shall be of opinion that the best interests of the child require that some other person should be his guardian. See *Talbot* v. *Earl of Shrewsbury*, 4 Myl. & Cr. 683, 686; *In re Johnstons*, 2 Jones & Lat. 224, 225; *Hall* v. *Storer*, 1 Y. & Coll. (Exch.) 556. *Underhill* v. *Dennis*, 9 Paige, 209; *Cozine* v. *Horn*, 1 Bradf. (N. Y.) 143; *Foster* v. *Mott*, 3 Bradf. 409.

*Decree affirmed.*