KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
April, 1880.

## MATTER OF FEELY.

*In the matter of the guardianship of* MAGGIE FEELY, MARY FEELY, ANNIE FEELY *and* WILLIAM FEELY.

Where application for the guardianship of infants is made by their maternal grandmother, and the petition does not disclose the fact that the paternal grandfather is, at the time, living and residing in the county, and letters are issued to the petitioner without notice to the grandfather, such letters will be revoked upon the application of the latter, and an opportunity be afforded him to be heard in the matter.

While the Revised Statutes (2 *R. S.*, 151, § 5) leave it to the discretion of the Surrogate to decide which relatives of the infant shall be notified of the application for letters of guardianship, this is not an arbitrary discretion. If the nearest relative applies or consents to the application, the Surrogate may dispense with further notice to the other relatives. Where the nearest relatives do not join in the application or consent thereto, or where there are other relatives of the same degree as the applicant, residing in the county, the Surrogate should direct reasonable notice of the hearing to be given to such of the relatives as he may deem proper.

The petition for the appointment of a guardian should show which of the relatives reside in the county. The Surrogate has the power to revoke the appointment of a guardian, based on a petition which omits these particulars.

APPLICATION on the part of the paternal grandfather of Maggie Feely, Mary Feely, Annie Feely and William Feely, infants under fourteen years of age, asking that the letters of guardianship of the persons and estates of the said infants heretofore issued to their maternal grandmother should be revoked as to the guardianship of the infants, Maggie Feely and William Feely only, and that he may be appointed their guardian, on the ground that no notice was given to him of the hearing of the maternal grandmother's application to be appointed the guardian of the said infants.

THE SURROGATE.—The Revised Statutes require that when an application is made to the Surrogate for the appointment of a guardian for a minor under fourteen years of age, the Surrogate shall assign a day for the hearing thereof, and shall direct such notice of the hearing as he shall, on due inquiry, think reasonable to be served on such relatives of the minor, residing in the county, as he shall direct. (2 *R. S.*, 151, § 5, as modified by § 44, ch. 460, *L.* 1837.)

This leaves a discretion in the Surrogate as to which

relatives he will direct the notice to be served on; but it is not an arbitrary discretion. (White *v.* Pomeroy, 7 *Barb.*, 642; Holley *v.* Chamberlain, 1 *Redf.*, 336.)

I leave out of consideration the act of 1871 (*L.* 1871, ch. 708), which requires that a notice of ten days shall be given to the father of an infant, before any other person is appointed guardian of such infant, as it has no bearing on the question to be decided.

Where the person applying to be appointed guardian is the nearest relative of the infant, or the nearest relatives join in the application or give their consent thereto, the Surrogate may, in his discretion, dispense with directing notice of the hearing to be given to the other relatives, if any, residing in the county, and may assign the same day for the hearing of the application as the one on which it is presented (People *v.* Wilcox, 22 *Barb.*, 178; Underhill *v.* Dennis, 9 *Paige*, 207); but if the nearest relatives do *not* join in the application or give their consent thereto, the Surrogate should direct reasonable notice of the hearing to be given to such and so many of them residing in the county, as he may deem necessary to protect the interests of the infant; and so, where there are other relatives residing in the county, related to the infant in the same degree as the one asking to be appointed guardian, the Surrogate should also direct notice of the hearing to be given to such of them as he may deem proper. (Underhill *v.* Dennis, White *v.* Pomeroy, *supra.*)

In order that the Surrogate may properly exercise his discretion in regard to the matter of giving the notice above mentioned, it is necessary, of course, that the petition for the appointment of the guardian should

show which relatives of the infant reside in the county. (*Dayton on Surrogates*, 625.)

In this case the petition on which the maternal grandmother of these infants was appointed their guardian did not disclose the fact that the paternal grandfather of the said infants was living and residing in this county, and she was appointed guardian without any notice to him.

For these reasons I should grant the application to revoke the said appointment as to the infants, Maggie Feely and William Feely, unless I have no power to do so. But I am satisfied that I have the power under the decisions on the subject. In Matter of Pierce (12 *How. Pr.*, 534), the court seemed to think that where it was claimed that a guardian had not been *duly* appointed by the Surrogate, it was proper to apply to him to revoke the appointment, and a suggestion to the same effect was made by the court in Lewis *v.* Dutton (8 *How. Pr.*, 102). In Bailey *v.* Hilton (6 *Weekly Dig.*, 254), the court say : " It cannot be doubted that a Surrogate has the authority to open or vacate a decree which has been procured through mistake, accident or fraud."

In this case there was an important mistake in the proceedings, which resulted in the order appointing the guardian—a mistake which, as we have seen, would justify the court, on appeal, in reversing the said order. (Underhill *v.* Dennis, *supra.*) It is proper, therefore, that it be opened and vacated to the extent asked for ; that is, so far as it relates to the appointment of the guardian of the persons and estates of the infants Maggie Feely and William Feely. A day must then be assigned for the hearing of the application of Ann McGorm, their

maternal grandmother, to be appointed their guardian, and notice of the hearing of said application must be served on Martin Feely, the paternal grandfather of the said infants, when his counter-application to be appointed their guardian can be considered.

Ordered accordingly.