[Crim. No. 1110.   In Bank.—June 1, 1904.]

In Re VIOLET LUNDBERG, a Minor, on Habeas Corpus.

GUARDIAN AND WARD—CUSTODY OF WARD—COLLATERAL ATTACK—HABEAS
    CORPUS BY PARENT.—The right of a guardian to the custody of a
    minor ward duly appointed is superior to that of a parent, whose
    authority ceases upon the appointment of such guardian; and the
    appointment cannot be collaterally attacked by the parent upon
    *habeas corpus*, except upon the ground of want of jurisdiction in the
    superior court to make the order of appointment.

ID.—JURISDICTION OF SUPERIOR COURT—PARENT AND CHILD.—Section 203
    of the Civil Code is not a limitation upon the jurisdiction of the
    superior court, in guardianship proceedings, to determine the ques-
    tion as to whether the parents of a minor were for any reason unfit
    and improper persons to have the custody of a minor child, and,
    upon the ground that they were so unfit and improper, to appoint
    another the guardian of the person of the minor.

ID.—ABANDONMENT OF CHILD BY PARENT—CUSTODY OF THIRD PERSON—
    NOTICE OF APPOINTMENT OF GUARDIAN.—Where the mother of a child,
    as its only surviving parent, had abandoned its custody, and for the
    space of two years had allowed another person to have its custody,
    the superior court may, upon directing notice to be given to the
    person in custody of the child, without giving any notice to the
    absent mother, whose residence was unknown, determine the ques-
    tion of her unfitness for its custody, and has full jurisdiction to ap-
    point a guardian of its person, which appointment cannot be col-
    laterally attacked by the mother upon *habeas corpus*.

ID.— SUFFICIENCY OF FINDINGS — COLLATERAL ATTACK UPON ORDER.—
    Where the petition alleged the abandonment of the child by the
    parent, and the order of appointment does not so recite, but recites
    that the parent was an improper person to have the custody of the
    child, which was not alleged, the question of the sufficiency of the
    findings to support the order cannot be considered upon a collateral
    attack.   The order is not void for failure to find or recite facts upon
    which the jurisdiction depends.

WRIT OF HABEAS CORPUS, upon petition of Mae
Shaw, against M. J. White, Secretary of California Society
for Prevention of Cruelty to Children.

The facts are stated in the opinion of the court.

William P. Hubbard, for Petitioner.

T. J. Crowley, for Respondent.

Garret W. McEnerney, *Amicus Curiæ,* also for Respondent.

ANGELLOTTI, J.—Upon the petition of Mae Shaw, the mother and only surviving parent of Violet Lundberg, a female minor child of the age of six years, alleging that said minor was unlawfully restrained of her liberty by M. J. White, a writ of *habeas corpus* was issued by this court.

The petition for the writ and the return of said White both show that he holds the custody of said minor child under an order of the superior court of the city and county of San Francisco, appointing him the guardian of her person, and letters of guardianship issued to him by said court under such order, upon his qualifying in accordance with the requirements of the same.

No question as to the authority of a court on *habeas corpus* to take a child from the person legally entitled to the custody thereof, where the best interests of the child so demand, is involved in this case, for neither the petition nor the return contains any allegation presenting any such question. The petitioner claims that the order appointing White as the guardian of her child is void, and that, as the surviving parent thereof, she is therefore legally entitled to its custody.

A guardian of the person of a minor, duly appointed by a superior court, is legally entitled to the custody of the minor (Civ. Code, secs. 247, 248; Code Civ. Proc., sec. 1753), and the authority of a parent ceases upon the appointment of such a guardian. (Civ. Code, sec. 204.)

This right of the guardian to the custody of the minor can be attacked collaterally only upon the ground of want of jurisdiction in the superior court to make the order of appointment; and when upon proceedings in *habeas corpus* the respondent justifies his custody of the minor by such an order an impeachment thereof is a collateral attack. (*Ex parte Miller,* 109 Cal. 643, 646; *In re Chin Mee Ho,* 140 Cal. 263; 15 Am. & Eng. Ency. of Law, 2d ed., p. 37.)

The petition for the appointment of White as guardian of said minor was presented to the superior court by the California Society for the Prevention of Cruelty to Children, and said M. J. White, its secretary. It was alleged therein that said minor was a resident of said city and county of San Francisco, and was of the age of about six years. It was

further alleged that said minor had no guardian appointed by will or deed or by the order of any court; that it was necessary and convenient that a guardian of her person be appointed; that her father was dead; that her mother, last known as Mrs. Mary Anderson, had deserted and abandoned the minor over two years before the filing of the petition, and that the residence of said mother was unknown to petitioners; that since said desertion and abandonment said minor had been, and still was, in the care of Mrs. Kate Thompson of said city and county; and that said Mrs. Kate Thompson was unable to provide for and properly educate said minor.

Upon the filing of the petition the superior court appointed a time for hearing the same, and directed that notice thereof be given to Mrs. Thompson, the person having the care of said minor, by citation served on her at least five days before the hearing. Such notice was given, and at the appointed time the court heard the petition, and an order was thereupon made, which, after reciting that proof of the giving of such notice had been made to the satisfaction of the court, and further reciting that "it duly appearing to the court that the said minor is a resident of said city and county, and needs the care and attention of some fit and proper person, and that the mother of said minor is an unfit and improper person to have the care, custody, and control of said minor," decreed "that said M. J. White be and he is hereby appointed guardian of the person of said minor, and that letters of guardianship of the person of said minor be issued to him upon his giving bond to said minor in the sum of five (5) dollars."

White having qualified, letters of guardianship were issued.

It is suggested that under our statute the superior court has no jurisdiction, in guardianship proceedings, to deprive a parent of the custody of his child by appointing another as guardian of the person thereof, on the ground of the abandonment of the child by the parent or such violation or neglect of parental duty as jeopardizes its safety and welfare. This suggestion is based upon the provisions of section 203 of the Civil Code, providing that the abuse of parental authority is the subject of judicial cognizance in a civil action brought by the child, or by its relative in the third degree, or by the supervisors of the county where the child resides, and that when the abuse is established, the child may be freed from

the dominion of the parent, and the duty of support and education enforced, the claim being, that a parent can be deprived of the right to the custody of his child on the ground of his abandonment of the child or other violation or neglect of parental duty jeopardizing its safety or welfare only by an action brought under the provisions of said section.

This claim finds support in the opinion of this court in *In re Hunt,* 103 Cal. 355, and in the dissenting opinion of the chief justice in *Ex parte Miller,* 109 Cal. 643, 649.

The law of the state, however, in this regard must be considered as settled by the opinion of the court in *Ex parte Miller,* signed by four of the justices, and the concurring opinion of Mr. Justice Temple. It was thereby held that the superior court had jurisdiction in guardianship proceedings to determine the question as to whether the parents of a minor were for any reason "unfit and improper persons to have the custody of said minor," and upon the ground that they were so unfit and improper, to appoint another the guardian of the person of the minor. It was declared that section 203 of the Civil Code was not a limitation upon the power conferred upon the superior court by other provisions of the codes to appoint a guardian of the person of any minor who is a resident of the county and has no guardian legally appointed by will or deed, whenever it appears to the court necessary that such an appointment should be made; and it was pointed out that said section 203 had no relation to guardianship proceedings, and that its object was to confer a right of action in favor of a child against the parent for abuse of parental authority, for the purpose of emancipating the child from the control of its parent, and at the same time enforcing in its favor and against the parent the parent's obligation of support and education.

We see no reason for receding from the views expressed in the majority opinion in *Ex parte Miller,* 109 Cal. 643. It has long been the settled practice to determine in guardianship proceedings questions as to the fitness and competency of parents to have the custody of their children. What was said in the opinion in *In re Hunt,* 103 Cal. 355, concerning section 203 of the Civil Code, cannot be considered as authority, in view of the later decision in the Miller case.

It is contended that the order appointing White as guardian

is void for the reason that no notice whatever of the proceedings was given to the mother, petitioner here, and it will be assumed that the record of the proceedings in the superior court shows upon its face that no notice was given to her.

So far as the provisions of the statute relative to the appointment of guardians is concerned, it must be conceded, we are satisfied, that notice to a parent of the minor is not in all cases essential to the jurisdiction of the court to appoint a guardian; and this, for the simple reason that the statute does not require that such notice must, in all cases, be given to a parent. Undoubtedly, a parent should be notified, where possible, of proceedings the effect of which may be to terminate his parental authority, and undoubtedly where such notice is not required to be given, a parent would be entitled, upon seasonable application, to be heard upon the question as to whether the appointment of another as the guardian of his child, without his knowledge, should not be set aside, that he might be heard upon the question of the necessity of appointing such other as guardian. (See *In re Van Loan*, 142 Cal. 423.

The legislature, however, recognized the fact that in many cases where the interests of the minor make it essential that some one should at once be given authority to act as the legal custodian, it would be practically impossible to notify the parents, owing to ignorance of the facts as to parentage or of the whereabouts of its parents.

Section 1747 of the Code of Civil Procedure, after providing that the superior court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have no guardian legally appointed by will or deed, who are inhabitants or residents of the county, and that such appointment may be made on the petition of a relative or other person on behalf of the minor, if fourteen years of age, provides as follows, viz.: "Before making such appointment, the court must cause such notice as such court deems reasonable to be given to any person having the care of such minor, and to such relatives of the minor residing in the county as the court may deem proper."

Under this provision of the statute no notice to relatives of the minor residing without the county is essential to the juris-

diction of the court, and it is further settled that as to relatives residing within the county it is for the superior court, in its discretion, to determine what relatives shall be notified, and how they shall be notified.

In *Asher* v. *Yorba*, 125 Cal. 513, 515, it was said by this court that "Upon a careful reading of the statute, it will be found that it is a matter of discretion upon the part of the court to give any notice whatever to the relatives residing in the county. The statute says the notice is to be given to those relatives of the minor residing in the county, 'as the court may deem proper.' " The well-settled law in this regard was stated by the chief justice in *In re Chin Mee Ho*, 140 Cal. 263, 266, speaking of this provision of section 1747 of the Code of Civil Procedure, as follows, viz.: "From this it will be seen that the only persons to be notified are those having the care of the minor, and such relatives residing in the county as the court may deem proper. The relatives to be notified, and the length of notice are entirely at the discretion of the judge to whom the petition is presented." The statute does in terms require that notice shall be given to the person having the care of the minor, and such notice, for such time as the court may determine to be reasonable, is necessary to give the court jurisdiction to make the appointment. (*Estate of Eikerenkotter*, 126 Cal. 54.)

The statute further substantially provides that where the minor is of the age of fourteen years or more the court may appoint a guardian for him, only after he has nominated his own guardian, or has neglected for ten days, after being duly cited by the court, to nominate a suitable person. (Code Civ. Proc., secs. 1748, 1749.)

We find no other statutory provision as to notice that goes to the question of the jurisdiction of the court to make an appointment, other than the provision of section 1747 of the Code of Civil Procedure, already noticed, requiring that notice be given "to such relatives of the minor residing in the county *as the court may deem proper.*" So far as the provisions of the statute are concerned, it is therefore a sufficient answer to this collateral attack upon the order of appointment, on the ground of want of notice to the mother, that the superior court did not require any such notice to be given.

The filing of a petition showing the necessity for the ap-

pointment of a guardian of the person of this minor, a resident of the city and county of San Francisco, and the giving of the notice prescribed by the court to the person having the care of the minor, no notice to any other person having been required by the court, gave to the court full and complete jurisdiction to make an appointment, good as against any collateral attack.

In this connection it is proper to state that the petitioner does not allege that she was residing in the city and county of San Francisco at the time the guardianship proceedings were instituted.

It is urged that such a proceeding, had without notice to a parent, even though in terms authorized by the statute, deprives the parent of a valuable right without due process of law, the intimation being, that so far as the statute authorizes such a proceeding without such notice it is invalid.

We cannot assent to this view. While the right of a parent, under ordinary circumstances, to the care and custody of his minor child is universally recognized, this state being no exception (see *In re Campbell,* 130 Cal. 380; *In re Salter,* 142 Cal. 412, and the provisions of the codes therein cited), it is likewise universally recognized that the rights of the parent must yield where the interests of the child so demand, and that the safety and welfare of the child constitute the paramount consideration in such matters.

The right of the state to provide for the disposition of the custody of children whose safety and welfare are menaced by the conduct or incompetency of their natural guardians has been too long established to be seriously questioned. It is of course clear that, where it is practicable, some notice of such proceedings should be given to the parent, but it is also clear that in many cases the situation may be such that it is not possible to give personal notice to the parent. The child may be a homeless waif, whose parentage is unknown in the community in which it is, or the parents may have abandoned the child, and their whereabouts be unknown. Doubtless, other instances might be cited. The safety and welfare of such a child might absolutely require the appointment of some legal custodian, and yet if actual notice to the parent were a prerequisite in such cases no appointment could be legally made.

The safety and welfare of the child being the first consideration, the rights of the parent are of such a nature that they must yield to such reasonable regulations as to notice as the legislature may prescribe. We have found no case in which this right of the legislature has been denied.

Our statutory provisions in this regard cannot justly be said to be unreasonable. Notice to the person having the care of the minor is made essential thereby. In the great majority of cases the minor is in the care of its parents, and in such cases notice to them is therefore essential.

Where the child is in the care of some other person, notice to that person will ordinarily come at once to the knowledge of the parents, in the absence of fraud, if the parents have not practically abandoned the child and ceased to make any inquiry in regard thereto.

The court to which an application for an order appointing a guardian is made will always make inquiry as to the relatives, and require notice given to them where the giving of such notice is practicable.

If it subsequently develops that a parent has, by such proceedings, been fraudulently deprived of the custody of his minor child, the order of appointment may be annulled or vacated by appropriate proceedings, and the court having jurisdiction of the guardianship proceedings will always, upon seasonable application by a parent who did not in fact have notice, liberally exercise the discretionary power confided to it, to give the parent full opportunity to be heard upon the question as to the necessity for the appointment of another as guardian. And, finally, the guardian so appointed may be removed whenever it is no longer proper that the ward should be under guardianship. (Civ. Code, sec. 253, subd. 8.)

The cases cited by counsel for petitioner do not support his contention.

In *Seaverns* v. *Gerke*, 3 Saw. 353, the appointment was made without any notice, while the statute gave the authority to appoint only "after notice is given to all persons interested." In *People* v. *Wilcox*, 22 Barb. 178, it was held that an appointment of a guardian of a minor without notice to the mother was good under the statute, and could not be assailed collaterally, but that the court on *habeas corpus*, con-

sulting the best interests of the child, might take it from its legal custodian.

In *Redmen* v. *Chance*, 32 Md. 42, the statute expressly required notice to the parents. Such notice was in fact ordered and never given, and the proceeding was one to revoke the order of appointment.

*In re Reynolds*, 28 N. Y. St. Rep. 538, 8 N. Y. Supp. 172, the court refused on *habeas corpus* to take the custody of the child from the father's mother and give it to the child's mother without notice to the father.

In *Peacock* v. *Peacock*, 61 Me. 211, it was held that the appointment of the guardian made without notice, the statute not requiring notice, was valid, but the Maine statute did not give the custody of the minor to the guardian so appointed.

The *Matter of Feely*, 4 Redf. 306, involved a motion to set aside an order of appointment, and it was held that while it was within the discretion of the surrogate to determine as to what relatives should be notified, the discretion was not an arbitrary one. It was not held therein that the order of appointment was void. *Underhill* v. *Dennis*, 9 Paige, 202; *White* v. *Pomeroy*, 7 Barb. 640; and *Walden* v. *Keen*, 37 N. J. Eq. 251, were all appeals, and the question was as to whether the order of appointment should be reversed or set aside. In *State* v. *Paine*, 23 Tenn. 523, there was no question as to the guardianship. The dispute was between the father and mother, on *habeas corpus*.

In *Kurtz* v. *St. Paul etc. Ry. Co.*, 48 Minn. 339,[1] it was said that the matter of notice was purely a matter of statutory regulation.

In *Corwin's Appeal*, 126 Pa. St. 326, there was no claim that the court making the appointment without notice was without jurisdiction, and the question was as to whether the guardianship court had erred in granting a petition of the mother for revocation of the letters of guardianship, issued without notice to her.

In *Spears* v. *Snell*, 74 N. C. 210, it was held that where an appointment has been made without notice to the mother, the guardianship court had the power, and ought, in the exercise of a legal discretion, upon an application on behalf of the mother, "made within reasonable time, to have called in the

---

[1] 31 Am. St. Rep. 657.

letters of guardianship and heard the matter *de novo,* when all sides could have a showing.''

In the case of *Waldron* v. *Woodman,* 58 N. H. 15, cited in some of the authorities called to our attention, it was held that where the statute did not require notice to the father, a demurrer to his appeal, on the ground of want of such notice, from an order appointing another as guardian would be sustained; and in the case of *Gibson,* 154 Mass. 378, it was held that if the statute did not require notice no notice was essential.

We have found no case in which it was held that an appointment of a guardian of the person of a minor, made in accordance with all statutory requirements, was void for want of actual notice to a parent and open to collateral attack.

It is further urged that the order of appointment is invalid for the reason that it does not in terms recite that it appeared to the court that the mother had abandoned the child, as alleged in the petition, but found that the mother of said minor is an unfit and improper person to have the care, custody, and control of said minor, as to which there was no allegation in the petition other than the allegation as to abandonment. This contention raises at most a question as to the sufficiency of the findings to support the judgment, and it is needless to say that such a question cannot be considered on a collateral attack. We know of no provision of law rendering an order of this kind void for failure to contain findings of fact or to recite the existence of facts upon which its jurisdiction depends. On the contrary, it is expressly provided by section 1704 of the Code of Civil Procedure that orders in probate proceedings need only contain the matters ordered adjudged, except as otherwise provided.

We find nothing else requiring mention. The petition was sufficient to confer jurisdiction over the subject-matter, the proceedings thereon were, on the face of the record, strictly in accord with all the requirements of the statute, and the order is valid as against collateral attack.

It appears from the return that there is now pending in the superior court having jurisdiction of the guardianship proceeding, a proceeding on behalf of the petitioner for a revocation of the letters of guardianship issued to respondent, which proceeding was instituted within six months after the

order of appointment was made. Doubtless, by that proceeding the petitioner will obtain a full hearing upon the question as to her competency and fitness to have the custody of her child, and all her rights in relation to her child and the custody thereof will be protected so far as is consistent with its safety and welfare.

The writ is discharged.

Shaw, J., McFarland, J., Lorigan, J., Van Dyke, J., and Henshaw, J., concurred.

BEATTY, C. J., dissenting.—I dissent upon the grounds stated in my dissenting opinion in *Ex parte Miller,* 109 Cal. 649.