WEST DULUTH LAND COMPANY *vs.* EMMA KURTZ and another.

February 13, 1891.

Probate Court—Appointment of Guardian for Non-Resident Minor.—
A probate court of this state may appoint a guardian for a non-resident minor as respects any estate which he may have in this state; and, if the appointment be over both his person and estate, it will be good to the extent of the minor's estate within the jurisdiction where it is made. Following *Davis* v. *Hudson*, 29 Minn. 27.

Same—No General Guardian in State of Domicile.—To authorize such an appointment it is not necessary that there should first be a general guardian in the state of the domicile of the minor.

**Same—License to Sell Realty—Proof of Filing Oath.**—The fact that a
guardian, licensed to sell real estate, filed the oath required by statute,
is sufficiently proved by such an oath, dated before the sale, found among
the regular files of the probate court, although the fact or date of filing
was not indorsed upon it by the probate judge.

Appeal by defendants from a judgment of the district court for St.
Louis county, where the action was tried by *Mills, J.,* (acting for a
judge of the 11th district.)

*H. S. Lord,* for appellants.

*Cash & Williams,* for respondent.

MITCHELL, J.[1]  Action to determine adverse claim to real property
situated in St. Louis county.  The defendants claim title as heirs-at-
law of one George Leidner, who died in 1860, intestate, and seised
of the property in controversy.  The plaintiff claims title from the
same source, under a sale by the guardian of the defendants (then
minors) under a license from the probate court of St. Louis county.
The guardian who made this sale was the mother of the defendants,
who was appointed by the probate court of that county March 2,
1872, the defendants being residents of Wisconsin, where they lived
with their mother.  The defendants assail the validity both of the
appointment of the guardian and of the sale itself.  The ground of
attack upon the appointment of guardian is that the probate court
in Minnesota had no jurisdiction to appoint a general guardian for
non-resident minors.  That the court had no jurisdiction to appoint
a guardian of the persons of non-resident minors is unquestionably
true, but it is equally true that the statute authorizes a probate court
to appoint a guardian of any estate which a non-resident minor may
have in this state, and the validity of such statutes is well settled.
Jurisdiction to appoint a guardian exists as well when the infant has
property in the state where the jurisdiction is sought to be exercised
as when he is domiciled therein.  It rests upon a like basis in both
cases, viz., the right and duty of a government to take care of minors,
as respects either person or property.  The fact that the appoint-

[1] Vanderburgh, J., did not sit.

ment in this case was too broad, to wit, over both person and estate, did not render it invalid in respect to the estate which the minors had within the jurisdiction of the court. *Davis* v. *Hudson*, 29 Minn. 27, (11 N. W. Rep. 136.) The contention of defendants, that a guardian of the estate of the minors within the state could only be appointed after a general guardianship in the state of the domicile, and as ancillary thereto, is wholly incorrect. The statute imposes no such condition, and it would be of doubtful constitutionality if it did.

2. This brings us to the grounds of attack against the sale itself. No defects or irregularities will invalidate the sale, unless they go to one or more of the five essentials specified in Gen. St. 1878, c. 57, § 51. The record in this case shows that the guardian was licensed to make this sale by the probate court by which she was appointed, and in the county in which the land was situated; consequently it was the court "having jurisdiction." Also that the guardian gave a bond, which was approved by the judge of probate, and took the oath prescribed by statute. This oath having been found among the regular files of the probate court, the fact that the judge had omitted or neglected to indorse upon it the fact and date of its filing was not material. There is no proof, and there is no presumption, that the oath was spurious, or that it was surreptitiously placed in the files after the sale. It shows by its date that it was made before. We fail to discover any defects, or even irregularities, in the notice of the time and place of sale. All that the statute requires is that the notice be posted and published for three weeks next before the sale. The guardian's report of sale, which was verified, states in detail a compliance with every requirement both of statute and of the license to sell, and a sale according to the notice at public auction, and the sale was duly confirmed by the court. These seem to cover the whole ground, so as to leave no available objection to the sale in this collateral action.

We have made no reference to the alleged insufficiency of the notice of the hearing of the application for license to sell, for, even if the sale could be avoided on any such ground, the objections to the

notice seem to be based upon the misapprehension of counsel that the statute required it to be published six weeks instead of only four, as the fact is.

What we have said renders it unnecessary to consider the effect or applicability of the statute of limitation (Laws 1889, *c.* 46, § 204) invoked by plaintiff.

Judgment affirmed.