EMMA A. KURTZ *et al. vs.* ST. PAUL & DULUTH R. Co.

Argued Jan. 28, 1892. Decided Feb. 5, 1892.

**Notice to Nonresident Infant not Necessary, to Appoint Guardian of his Estate.**—The notice of the application for the appointment of a guardian of the estate of a nonresident infant, provided for by 1866 G. S. ch. 59, § 13, did not necessarily require notice to the infant himself; but it was sufficient if such notice was given to persons interested, as natural guardians and next of kin, in the person and estate of the infant, as, in the sound discretion of the probate judge, would be most likely to subserve the ends of justice, and protect the interests of the infant.

Appeal by plaintiffs Emma A. Kurtz and George Leidner from a judgment of the district court of St. Louis county, *Stearns,* J., entered August 22, 1891, adjudging that plaintiffs take nothing by their suit.

George Leidner, Sr., died intestate May 4, 1860, seised of the S. ½ of the S. W. ¼ of section 7, and the N. W. ¼ of the N. W. ¼ of section 18, in township 49 N., of range 14 W., in Duluth. He left him surviving his widow, Catharine Leidner, and three children, Mary, Emma, and George, his heirs at law. The Lake Superior & Mississippi Railroad Company, in 1871, built its railroad through this land, and took possession of a strip 100 feet wide on each side of the center line of its track. It afterwards transferred its railroad and all its rights to defendant. This action was ejectment to recover possession of this strip. Defendant denied that plaintiffs had title to this right of way, but asked, if it should be found they had, then that it be condemned under 1878 G. S. ch. 34, § 34.

The issues were tried June 29, 1891, before the court without a jury, and findings were made that plaintiffs were not the owners of the land, and were not entitled to its possession. Judgment having been entered on these findings, plaintiffs brought this appeal.

*J. W. Bull* and *Smith & Towne,* for appellants.

One George Leidner, deceased, owned the land, and both parties claim under him. The plaintiffs are the heirs of Leidner, and as

such are the owners of the land, unless the defendant acquired it under a deed dated September 30, 1871, made by the guardian of the plaintiffs, to the Lake Superior & Mississippi Railroad Company, the defendant being the successor of that company; or unless plaintiffs lost their title by a later guardian's deed for this and other lands, made to one Hiram Hayes.

During all the time of the guardian's proceedings, the plaintiffs were minors, and nonresidents of this state. The first deed, the one under which defendants claim title, does not describe one 40-acre tract of the land, but describes a tract in another section and different township.

It was made by the widow before she was duly appointed guardian in this state, and is void. Laws 1870, ch. 18. *Burrell* v. *Chicago, M. & St. P. Ry. Co.*, 43 Minn. 363.

Hayes, being the attorney for the guardian, stood in such relation to the land that he could not take title, and such a title is and always has been void, or, at least, voidable at the option of the plaintiffs, and cannot help the defendants to defeat the plaintiffs in this action.

It was the duty of Hayes, as attorney, to see that the time, place, and terms of the sale were fixed, so that the land would bring the best price, and to advise that the sale be adjourned or postponed in case full value was not offered for the land. It was for his interest as a purchaser to obtain the land at the lowest possible price; hence his interest conflicted with his duty, and the law presumes fraud from the relation itself. This court has fully passed on the question, in *King* v. *Remington*, 36 Minn. 15; *Lewis* v. *Welch*, 47 Minn. 193; *Tilleny* v. *Wolverton*, 46 Minn. 256.

The deed to Hayes is void, because the widow was not guardian of the plaintiffs. Her appointment was void for want of notice to the minors of the hearing on her application for appointment as such guardian. 1866 G. S. ch. 59, § 13; *Davis* v. *Hudson*, 29 Minn. 27; *West Duluth Land Co.* v. *Kurtz*, 45 Minn. 380.

*Lusk, Bunn & Hadley*, for respondent.

Notice to the minors is not a constitutional prerequisite to the jurisdiction to name a guardian. The appointment of a guardian deprives

no one of his property. It does not change the title or *status* of the real estate, and has no operation as respects the wards' persons. It passes or adjudicates no rights. It only appoints a custodian to care for the estate until some further order or disposition of the court. Due process of law does not require notice before such jurisdiction may be exercised; for the inhibition is against depriving one of his property without due process of law. The appointment is in no sense a judgment or determination of anything.

The only requirement of notice is statutory. 1866 G. S. ch. 59, § 13. That section requires such notice to all persons interested as the judge shall order; plainly committing it to the discretion of the judge to say how, when, and in what manner notice shall be given, and to fix the kind of notice most likely to serve the ends of justice. Quite commonly, similar statutes have required no citation. The jurisdiction is as broad as that formerly vested in the chancellor. Whether any notice should be given is largely discretionary, and, when the natural guardian of the children makes the petition, the practice in New York is to serve no notice. *Ex parte Dawson,* 3 Bradf. Sur. 130, 133; *Underhill* v. *Dennis,* 9 Paige, 202.

The objection that Hiram Hayes could not acquire title because he was the attorney is not available in an action of ejectment between other parties. The deed to him was not absolutely void, and had to be set aside by direct attack before the title could revest in the plaintiffs. Such a purchase by an attorney may be valid, and is valid as to third parties until set aside. *Tancre* v. *Reynolds,* 35 Minn. 476; *White* v. *Iselin,* 26 Minn. 487.

MITCHELL, J. Action of ejectment. In its answer the defendant alleged title in itself, but this claim is now abandoned, and the action of the plaintiffs is sought to be defeated solely on the ground of their own want of title. One George Leidner died seised of the land, and the plaintiffs, as his heirs, are the owners, unless their title was divested by a guardian's sale to one Hiram Hayes, in May, 1872. The probate proceedings which culminated in this sale are the same which were considered in *West Duluth Land Co.* v. *Kurtz,* 45 Minn. 380, (47 N. W. Rep. 1134,) but the questions now raised are different. The principal point made is that the appointment of Catha-

rine Burg as guardian of the plaintiffs was absolutely void for want of notice to the minors of the hearing of her application for such appointment. The admitted facts are that the plaintiffs were infants, residing in Wisconsin with their mother, Catharine Burg, and owning this land in St. Louis county, in this state. Their next of kin were their mother, with whom they were living, and a married sister, Mary Burns, residing in Duluth, in this state. On February 27, 1872, the mother petitioned the probate court of St. Louis county for letters of guardianship. On the same day that court ordered that a hearing be had on the petition, March 2, 1872, and that notice be given of said hearing to all persons interested, by personal service on the next of kin, two days before the hearing. The mother, who was the plaintiff's natural guardian, and with whom they resided, had notice by being herself the petitioner, and notice was served personally on Mary Burns, their sister, on the said 27th day of February. It is objected that this notice to the next of kin was not notice to the minors; that notice to the minors themselves was necessary to give the court jurisdiction, and to make the appointment of any validity.

The power to appoint a guardian of the estate of a nonresident minor situated in this state is unquestioned, and the purpose of so doing is the same as in appointing a guardian of the person and estate of a resident minor. Notice of the hearing for such appointment is not a constitutional prerequisite to the jurisdiction to name a guardian. Appointing a guardian deprives no one of his property, and does not change or affect the title of it. Letters of guardianship are merely a commission which places the property of the ward in the care of an officer of the court as custodian, and in its effect is not essentially different from the appointment of a receiver, or temporary administrator, a jurisdiction which can be and frequently is exercised before service of any process. The matter of notice of an application for the appointment of a guardian is, therefore, purely a matter of statutory requirement. The provision of statute regulating notice in this case is found in 1866 G. S. ch. 59, § 13, (1878 G. S. ch. 59, § 21,) viz.: "Such notice to all persons interested as the judge shall order." My own opinion is that when it appears that

the person or property was the subject of guardianship, and that the letters were issued by the proper probate court, as were the facts here, the letters of guardianship are not subject to collateral attack, but, like letters of administration, are conclusive evidence of the due appointment of the person therein named, until reversed on appeal, or revoked by the court which granted them.   This is the rule in most jurisdictions; and the practical difficulties and embarrassments resulting from a different rule are very apparent. But in *Davis* v. *Hudson*, 29 Minn. 27, (11 N. W. Rep. 136,) this court held that, while the manner of notice is committed to the discretion of the probate judge, yet some notice is indispensable; that notice is jurisdictional; and that the validity of the guardianship is subject to collateral attack on the ground of want of any notice of the application for the appointment.

In the present case there is no question but that all the notice was given which the probate judge ordered, but the contention is that what the judge ordered was insufficient, because it did not include notice to the minors themselves.   The statute clearly commits it to the sound discretion of the judge to decide how and in what manner notice shall be given, and to fix the kind of notice most likely to serve the ends of justice, and protect the interests of the infants.   Similar provisions in similar statutes are quite common, and it is agreed, with one accord, that the purpose is to give notice to relatives or next of kin who are naturally interested in the infants or their estates, so as to give them an opportunity to attend, if they desire, for the purpose of giving the probate court the requisite information as to the nature and value of the estate of the infant, and as to the propriety or impropriety of the appointment, as guardian, of the person named in the petition.   *Underhill* v. *Dennis*, 9 Paige, 202; *White* v. *Pomeroy*, 7 Barb. 640; *Ex parte Dawson*, 3 Bradf. Sur. 130.   Notice to the infants is not the important or essential thing, for the very necessity for appointing a guardian for them arises out of the fact that they are incapable of managing their own estate, or of determining for themselves what is for their own interests.   If they are of very tender years, and strictly *non sui juris*, notice to them would be an idle ceremony, and utterly useless.

Hence we conclude that the notice contemplated by statute does not necessarily require or include notice to the infants themselves, but that it is left to the sound discretion of the probate judge to order such notice to persons interested as natural guardians and next of kin as he shall deem most likely to inform them of the application, and thus, through their attendance, advise him of the extent and condition of the infants' estate, and of the expediency of the appointment prayed for.   Notice to the mother, with whom plaintiffs lived, and to their married sister, their only other near relative, was more likely to accomplish this end than publication, or even personal service on the infants themselves, and fully answered the statutory requirement.

The objection that Hayes was disqualified from purchasing at the guardian's sale because he was attorney for the guardian is one that cannot be made available in an action of ejectment between other parties.   The purchase by Hayes is at least valid as to third parties until set aside by direct attack.   There is nothing in the point that the deed does not describe or include the land in controversy.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 221.)