63 111
166s 348

# The People, etc., for the use of Henrietta Kaiser, v. Martin Medart, Aaron Baer and Amson Baer, Partners as Baer Brothers, and Frank C. Espenhain.

1. GUARDIANS—*Appointment for Non-Resident Wards.*—Under our statute, it is only when a minor is a non-resident that an estate here is necessary to give the County Court authority to appoint a guardian.

2. SAME—*When the Order of Appointment does not Follow the Petition.*—An order appointing a guardian of the person and estate of a minor where the petition, bond and letters relate to a guardianship of the estate only, is good in cases relating to the estate and where the guardianship of the person is not involved.

3. SAME—*Order of Appointment—Collateral Attack.*—An order appointing a guardian, not void for want of jurisdiction of the court making it, can not be collaterally assailed.

4. SAME—*When Estopped to Deny the Receipt of Money.*—When a guardian receives money as such, irregularities in his appointment or in the receipt of the money are no defense in an action against him individually or on his bond.

5. COUNTY COURT—*In Matters of Probate.*—The County Court, having full jurisdiction of matters of probate and guardianship, is a court of

limited but not of inferior jurisdiction. It is a court of record and its judgments are to be upheld by the same presumptions applicable to the judgments of other courts of record.

6. ADMINISTRATION OF ESTATES—*Effect of Final Settlement.*—Where a County Court makes an order of final settlement of an estate and discharges the executor, such action involves a consideration and approval of payments made by the executor, and if the court has jurisdiction to declare the estate settled, such payments are thereby ratified, but if the court is without jurisdiction, the order is void. The remedy for payments made without legal authority is by an action at law upon the executor's bond, and not in equity.

**Bill for Relief.**—Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

WM. WINKELMANN, attorney for plaintiff in error.

MARSHALL W. WEIR, attorney for defendants in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The bill in this case was filed in the name of the People of the State of Illinois, for the use of Henrietta Kaiser, against Martin Medart and the sureties on his bond, as executor of the last will and testament of Caroline Kaiser, deceased.

Caroline Kaiser died testate, on March 13, 1888, at St. Clair county, Illinois, leaving in that county considerable property, both real and personal, which passed to her son and six grandchildren by the operation of her will. Plaintiff in error admits that the estate was faithfully administered in every particular, except as to the sum of $2,000, which was paid by the executor, on August 14, 1890, to E. O. Lindeman, of Dallas, Texas, who was the stepfather of Henrietta Kaiser.

In 1885, when Henrietta was ten or eleven years old, she moved to Dallas, Texas, and lived there, with her mother and stepfather. In 1888, Lindeman attempted to have himself appointed guardian of Henrietta, but the required bond was not given and the proceeding was abandoned. In

August, 1890, when Henrietta was over fourteen years of age, and empowered by the laws of Texas to choose her own guardian, an order was made by the County Court of Dallas County, appointing Lindeman guardian of her person and estate, and requiring him to give bond in the penal sum of $5,000. The bond was given and approved, the oath required by the statute was taken, and letters of guardianship were duly issued. Afterward Martin Medart, as executor, paid to Lindeman, as guardian, the $2,000 hereinbefore mentioned, which was part of the personal property bequeathed to Henrietta Kaiser by her grandmother, Caroline Kaiser. It is urged by the plaintiff in error that the appointment of Lindeman as guardian was void, and, to say the least, not operative as to property in Illinois, and that Medart, as executor, paid the said sum of money to Lindeman without so much as an order of the County Court of St. Clair County, Illinois, to give color of authority for the payment. The aid of a court of chancery is invoked on the ground that an order has been made by the County Court of St. Clair County approving the executor's report of the final settlement of the estate, and discharging him from his trust as executor. It is said that this order stands in the way of an action at law on the executor's bond, and that plaintiff in error's only remedy is in a court of equity.

Many are the reasons presented as showing the invalidity of the appointment of Lindeman as guardian.

The first point is, that the County Court of Dallas County had jurisdiction to appoint a guardian of the person of Henrietta Kaiser, but not of her property, which was situated, as it is said, wholly within the State of Illinois.

But the County Court of Dallas County did not undertake to appoint a guardian to manage and control the ward's property in this State. The ward lived in Texas. Moneys belonging to her could be paid to none but a guardian. The settlement of the estate of Caroline Kaiser could not be perfected till these moneys should be transferred to such a custodian. Under our statutes, it is only when a minor is a nonresident that an estate here is necessary to give the County

Court authority to appoint a guardian. Barnsbach v. Dewey, 13 Bradw. (Ill. App.) 581. The statutes of Texas, which are in evidence, are susceptible of the same construction.

It is also said that the order is void because it appoints Lindeman guardian of the person and estate, when the petition, bond and letters relate to a guardianship of the estate only. Manifestly, such an order, thus fortified, would be good as to the estate, and the guardianship of the person is not involved in this case. West Duluth Land Co. v. Kurz, 45 Minn. 380.

Another point presented is that Henrietta, though more than fourteen years of age, did not choose her own guardian, and that no proper notice of the proceeding was given. The order of appointment recited that due and legal notice was given, and that the written request of the minor was filed, and these findings are not successfully contradicted by other parts of the record. We are aware of the fact that such a contradiction is assumed in the argument, but we consider the assumption as wholly unwarranted.

The statutes of Texas in evidence provide that if the minor be fourteen years of age, he may, by a writing filed with the clerk, waive the issuance of a citation, and make choice of a guardian, or may select his guardian in open court in person, or by attorney, in which case the person selected, if qualified, shall be entitled to be appointed guardian. If other, or further notice should be required, the order of the court in this case shows that it was given. This order is not void for want of jurisdiction, and can not be collaterally assailed. The County Court, having full jurisdiction of matters of probate and guardianship, is a court of limited, but not of inferior jurisdiction. It is a court of record, and its judgments are to be upheld by the same presumptions applicable to the judgments of other courts of record. Propst v. Meadows, 13 Ill. 157; The People v. Gray, 72 Id. 343; Bostwick et al. v. Skinner et al., 80 Id. 147; The People v. Seelye, 146 Id. 189; Ex parte Burkhardt, 16 Tex. 470; Lyne v. Sanford et al., 82 Id. 58; Davis v. Hudson, 29 Minn. 27; Johnson et al. v. Beazley, 65 Mo. 250.

The People v. Medart.

It is also alleged that proper proceedings were not taken in this State to justify the executor in paying the money in controversy to a foreign guardian. It appears, however, that the estate was finally settled, and the executor discharged. This involved a consideration and approval of the payment in question. If the County Court of St. Clair County had jurisdiction to declare the estate settled, the payment to Lindeman was thereby duly ratified; if the court did not have jurisdiction, the order of final settlement was void, and the remedy at law by an action on the executor's bond is adequate, and chancery has no jurisdiction.

Whether the foregoing positions are correct or not, it is certain that the record fails to show any loss to plaintiff in error which would justify the interposition of a court of equity. Lindeman received the money and his bond is good, for anything appearing to the contrary from the evidence.

The record does not show that Lindeman is not personally financially responsible. Irregularities in his appointment, or in the receipt of the money, would be no defense in an action against him individually or on his bond.

It was held in Portis v. Cummings, 21 Tex. 265, that where a party receives money as guardian he will not be allowed to assert that he was not the rightful guardian, and thus avoid payment to the person entitled to the money. It was held in Andrews v. Avery et al., 14 Gratt. 229, that if an administrator, appointed in Virginia, whose intestate lived and died in North Carolina, and left no estate in Virginia, goes to North Carolina, and without qualifying there, takes possession of the assets, and takes them to Virginia, his sureties in Virginia are liable for the faithful administration of those assets.

The court very properly rendered a decree dismissing the bill, and that decree is hereby affirmed.