Louisa B. Jackson, Defendant in Error, v. Dominico Mulzer et al., Plaintiffs in Error.

### Gen. No. 17,303.

1. Forcible detainer—*against party who has no title.* Where children of intestate, who were deprived of title by sale under decree of probate court, refuse to surrender possession after notice in writing by one who secures title from the purchaser by foreclosure proceedings, such owner may proceed against them in a forcible detainer action.

2. Jurisdiction—*decree presumed to be regular.* On collateral attack, the decree of a court of general jurisdiction will be presumed to be regular as to jurisdiction of both persons and subject-matter.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912. Rehearing denied November 21, 1912. *Certiorari* denied by Supreme Court (making opinion final).

Willis H. Hutson and Don P. Pennywitt, for plaintiffs in error; Charles S. Frank and Don P. Pennywitt, of counsel.

Lackner, Butz & Miller, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

We are asked to reverse a judgment obtained by

Louisa B. Jackson against plaintiffs in error in a forcible detainer suit tried by the court upon a stipulation of facts, certain exhibits and evidence.

The undisputed facts are as follows:  On the 31st day of August, 1889, Jacob Cygan, or Zigan, being the owner of the premises in question, departed this life intestate, seized of said premises, and left him surviving as his only heirs at law and next of kin Dominico Cygan, his widow, and Rose Cygan and Clara Cygan, his only children.  On or about April 21, 1891, one Albert Cygan was appointed administrator *de bonis non* of the estate of Jacob Cygan, deceased, by the Probate Court of Cook County, and as such administrator filed a petition in said court to sell said real estate to pay debts, making parties to said petition, among others, the said children, Rose Cygan and Clara Cygan; that all of the parties to said suit, including said children, were duly served with process issued in said suit, and a guardian *ad litem* was appointed for said Rose and Clara Cygan; and an answer filed by said guardian *ad litem* in the matter of said petition to sell, and that on the 24th day of September, 1891, a decree was entered by the Probate Court in the matter of said petition to sell, ordering the sale of said premises to pay debts, subject to two certain incumbrances and to the dower rights of the widow and to the homestead rights of the widow and children; that in pursuance of said decree said premises were sold on the 14th day of November, 1891, to Dominico Mulzer for eight hundred dollars, subject as aforesaid, said sale having been first duly advertised in accordance with law and said decree, and which said sale was duly reported to said Probate Court and approved by it.  Albert Cygan, as administrator *de bonis non,* executed and delivered to said Dominico Mulzer his certain administrator's deed, conveying said premises to her, which said deed was dated December 29, 1891, and recorded April 30, 1892.

Thereafter the said Dominico Mulzer (being the same person as Dominico Cygan) and Ferdinand Mulzer, her then husband, executed their note, secured by their trust deed on said premises, duly releasing and waiving all homestead rights, of which said note the defendant in error became the owner, and which said trust deed was thereafter foreclosed as against said Dominico Mulzer, Ferdinand Mulzer and the trustee named in said trust deed. The time for redemption from the foreclosure decree having expired, a master's deed was issued to the defendant in error, conveying to her the premises in question, and was duly filed for record in the recorder's office of Cook County, Illinois. At the time of the filing of the petition to sell the said real estate to pay debts, and at the date of the sale thereof the premises were worth more than one thousand dollars ($1,000). The plaintiffs in error, Clara and Rose Cygan, arrived at the age of twenty-one years prior to the date of demand for possession, and prior to the date of the service thereof. At the date of the service of said demand for possession (November 21, 1910) the plaintiffs in error were in possession of the premises in question, being the upper floor of the building and premises known as No. 969 Milwaukee avenue, situated on lot fourteen, in block thirteen, in Ellston Addition to Chicago.

Counsel for plaintiff in error contend that clause 6 of section 2 of the forcible detainer act has no application to Clara and Rose Cygan because they were not parties to the foreclosure proceeding. This clause provides that "when lands or tenements have been * * * sold under the judgment or decree of any court in this state. * * * and the * * * party to such judgment or decree * * * refuses or neglects to surrender possession thereof after a demand in writing by the person entitled thereto, or his agent," the party entitled to such possession may bring an action in forcible entry and detainer. It is apparent that Clara and Rose Cygan not being parties defendant

in the foreclosure proceeding, the plaintiff was not entitled to proceed against them in forcible detainer because of the sale in the foreclosure proceeding, and plaintiff does not claim to have so proceeded. It is also apparent that the sale by which they were divested of title was the sale under the decree entered by the Probate Court ordering the premises sold to pay debts. It therefore follows that the premises, having been sold under the decree of the Probate Court, and there being a refusal to surrender possession thereof after demand in writing by the person entitled thereto, the parties in possession can be proceeded against in a forcible detainer action. As to plaintiffs in error Clara and Rose Cygan, the foreclosure proceedings showed that the defendant in error, by means thereof, had stepped into the shoes of the original purchaser at said Probate Court sale, while as to Dominico and Ferdinand Mulzer, the foreclosure proceedings themselves constituted the means by which they were divested of their interest in the property, and under which the defendant in error became entitled to the possession thereof.

It is next contended that it does not appear from the record that the Probate Court had jurisdiction of the subject matter in which the decree was entered for the sale of the premises to pay debts, and that the sale was irregular. It is the well settled law that in a collateral attack the decree of a court of general jurisdiction will be presumed to be regular; that it had jurisdiction both of the persons and the subject-matter and proceeded in the due exercise of that jurisdiction. Swearengen v. Gulick, 67 Ill. 208; Wenner v. Thornton, 98 Ill. 156; People v. Medart, 166 Ill. 348.

We have considered other points suggested, but do not regard them as important.

The judgment will be affirmed.

*Affirmed.*