## ANNA PROKOSCH v. WILLIAM BRÜST and Others.[1]

February 5, 1915.

Nos. 18,972—(193).

**Guardian of incompetent.**

1. In proceedings under the statute for the appointment of a guardian of the property interests of an alleged incompetent person, it is *held* that the findings of the trial court are sustained by the evidence.

**Character of proceeding — ascertainment of facts.**

2. The proceeding is not adversary in nature, but rather one by the state

[1] Reported in 151 N. W. 130.

in its character of *parens patriæ*, and the manner and method of determining the facts rests in the sound discretion of the trial court, controlled, in a general way, by the rules of ordinary judicial procedure.

**Examination of the incompetent.**

3. The statutes providing for the cross-examination of an adverse party have no application to the proceeding, yet the court may require the alleged incompetent to submit to examination for the purpose of testing his or her mental condition.

**Evidence.**

4. The record presents no reversible error in rulings upon the admission or exclusion of evidence.

From an order of the probate court for Brown county appointing William Brust guardian of Anna Prokosch, an alleged incompetent, she appealed to the district court for that county. The matter was heard before Olsen, J., who made findings and affirmed the order of the probate court. From the judgment entered pursuant to the order for judgment, she appealed. Affirmed.

*Albert Hauser,* for appellant.

*Pfaender & Flor,* for respondents.

BROWN, C. J.·

Proceedings for the appointment of a guardian for an alleged incompetent person. The appointment was ordered by the probate court, from which an appeal was taken to the district court. After trial and full hearing in that court findings of fact were made and the order of the probate court affirmed. A new trial was denied, and thereafter judgment was duly entered, in all things affirming the order of the probate court, from which judgment this appeal was taken.

The assignments of error present the questions: (1) Whether the evidence is sufficient to support the findings; (2) whether the findings justify the conclusion of incompetency; (3) whether the trial court erred in requiring the alleged incompetent to submit to cross-examination upon the question of her mental condition; (4) whether there was error in the admission of certain evidence.

1. The first two questions may be considered together. The al-

leged incompetent, Anna Prokosch, with her husband, a farmer, resided for many years in Brown county where, by industry and hard labor, they accumulated property which, at this time, is valued at over $50,000; about $10,000 of which is now represented by bank deposits and securities, the balance in farm land situated in that county. The husband died in December, 1912, and by his will left all and singular his property to his widow, and it was duly decreed to her by the probate court. She has since owned and controlled the same and received the rents and profits thereof for her own use and benefit. The farm land has been rented to tenants either for cash rent or a share of the crops, and since the death of her husband she has been assisted in the management of her affairs by her son. The petition for the appointment of a guardian of her property affairs was made by her daughters, all of mature years, and was opposed by Mrs. Prokosch and the son. Mrs. Prokosch is 74 years of age, and the evidence tends to show that she does not possess her former mental or physical vigor. Prior to his death the husband managed their affairs, and since that time Mrs. Prokosch has depended and relied upon her son, who was executor of the husband's last will and testament. Mrs. Prokosch can neither read nor write, and speaks the English language very imperfectly, and necessarily must have some one to guide her in her business matters. She admitted the necessity of this assistance when before the probate court. She recently gave away some money, the amount of which or to whom given she refused when on the witness stand to state, declaring that it was "nobody's business." A day or two before the trial the son paid over to her the sum of $500, and this evidently escaped her memory for she denied receiving the same, though there was no question that she received it. She resented the effort to have a guardian appointed, because she believed that it was a scheme on the part of her daughters to get her property; she evidently not understanding that the sole purpose of the proceeding was the protection of her rights, and to preclude the possibility of any person wrongfully getting her property from her. The trial court found, after consideration of the evidence, and a personal observation of Mrs. Prokosch in court, and the facts and cir-

cumstances disclosed, that by reason of the imperfection of her mental faculties, and her inability to manage and care for her property, and property interests, the appointment of a guardian was necessary and proper. We think the findings bring the case within the statute, section 7433, G. S. 1913, and that they are sustained by sufficient competent evidence. This latter conclusion we reach with some hesitation. We are guided, however, by the fact that much must be left, in proceedings of this kind, to the sound judgment and discretion of the trial court. The advantageous position of that court, being confronted with the witnesses and the alleged incompetent, affords it an opportunity of more clearly understanding the situation, and the mental condition and capacity of the incompetent properly to manage his or her affairs, and considerable discretionary latitude must of necessity be granted to it in such cases. The probate court occupying the same position, with all the facts before it, held that a guardian was necessary. With the same conclusion by two courts, both afforded opportunities not presented to this court, we should interfere only upon a clear showing of error. This we do not find. We also hold that the findings of fact support the conclusions of law.

2. The alleged incompetent was personally before the court on the hearing below and, over the objection of her counsel, was called "for cross-examination under the statute," and fully interrogated by counsel for the petitioners touching various matters having a relation to her mental condition. It is insisted by her counsel that this was reversible error. In this contention we do not concur. In the determination of the question whether the appointment of a guardian of an alleged incompetent person is proper and necessary, the court is not controlled by the ordinary forms of procedure regulating the trial of actions at law. It is a special proceeding authorized by statute in response to the duty of the government in the protection of that class of citizens who are incapable of fully protecting themselves. West Duluth Land Co. v. Kurtz, 45 Minn. 380, 47 N. W. 1134. It is not adversary in nature, but rather one by the state in its character of *parens patriæ,* and the manner and method of determining the facts, when jurisdiction has once

vested in the court as required by law, rests in its sound judgment and discretion, controlled of course by the general rules of judicial procedure. 21 Cyc. 38; Lawrence v. Thompson, 84 Iowa, 362, 51 N. W. 11. The statute authorizing the calling of an adverse party for cross-examination in ordinary civil actions can have no application for, as stated, this is not an adversary proceeding, and there is no adverse party within the meaning of that statute; yet the right of the court to examine, on oath or otherwise, the alleged incompetent cannot well be questioned. The mental condition of the person and his ability to care for his property is the sole question involved, and no better test of such condition and ability can be found than by an examination of the person in such manner and to such extent as the court may deem proper. Such personal examination is uniformly had in analogous cases (Woerner, Am. Law of Guardianship, 400), and seems clearly appropriate in a proceeding where incompetency, not amounting to insanity, is charged. There was therefore no error in permitting the examination of Mrs. Prokosch, and the fact that the examination was treated as "cross-examination" is unimportant.

4. The last question urged does not require special discussion. We discover no error in the admission of evidence, and the assignments charging such error are not well founded.

5. While we sustain the order of the court we deem it proper to say, that in view of the situation and circumstances surrounding the parties immediately concerned, as disclosed by the record, the son, George Prokosch, should be named as guardian. While it is true that he declined an invitation from petitioners to accept the trust, his refusal appears to have been based on his opposition to the appointment of any guardian. And though no objection appears to the person in fact named to act in this capacity, it is clear that the interests of Mrs. Prokosch will be best served by naming the son, who since the death of the husband has been the counselor, guide and assistant of his mother in her property affairs. The cause will therefore be remanded without prejudice to an application to substitute the name of the son as guardian.

Order affirmed.