## IN RE GUARDIANSHIP OF FRANZ KUSCHEL, INCOMPETENT.[1]

December 12, 1924.

No. 24,213.

**Confirmation of guardian's sale, made 6 years after license to sell is invalid.**

1. A license, issued by a probate court, to sell real estate of an incompetent, under the provisions of section 7348, G. S. 1913, will not support a sale, by the guardian, made 6 years after the granting of such license.

**No presumption that ward's circumstances were the same for 6 years.**

2. There is no presumption that the circumstances, surrounding the ward and his estate, were the same 6 years after the granting of a license to sell his real estate, as they were at the time of the granting of such license.

[1]Reported in 201 N. W. 319.

Franz Kuschel appealed to the district court for Ramsey county from an order of the probate court for that county confirming a sale of his land made by his former guardian. The appeal was heard by Bechhoefer, J., who confirmed the order of the probate court. Kuschel's motion to amend the conclusions of law was denied.

Reversed.

*Harris Richardson* and *Walter Richardson*, for appellant.

*Ryan & Murphy*, for respondent.

QUINN, J.

In April, 1916, Frank Kuschel was adjudged incompetent by the probate court of Ramsey county, and at the same time the Capitol Trust and Savings Bank was appointed his guardian. Kuschel owned three parcels of real estate, situated in Ramsey county. In August, 1916, the court, upon a written petition, made and entered its order empowering and authorizing the guardian to sell the real estate at private sale at not less than its full appraised value. Accordingly, the three parcels were appraised and one of them sold. The one involved in this litigation was appraised at $2,300. In 1922 the guardian applied to the probate court for the appointment of two appraisers for the purpose of making a second appraisement of the real estate unsold. An appraisal was had and the property in question was valued at $2,200. Thereafter the guardian sold the same to William Malouf for $2,500, reported the sale to the court, and upon petition the court, on September 19, 1922, made and entered an order confirming the sale. Thereafter, and before a deed to the property was executed, Frank Kuschel procured an order from the probate court restoring him to capacity. Whereupon he appealed to the district court of Ramsey county from the order of the probate court confirming the sale of the premises in question. The district court confirmed the order of the probate court on February 19, 1923. Notice of confirmation was duly served upon appellant February 26, 1923. Seven months thereafter, Kuschel applied to the district court for an order amending its findings and conclusions, which motion was denied. On November

1, 1923, judgment was entered in the district court affirming the order of the probate court, from which judgment this appeal was taken.

The one assignment of error which we consider is, in substance, that the district court erred in adjudging that an order, made in 1922, confirming a guardian's sale, under a license granted in 1916, was a valid order. We hold that it was not. But it will be observed that this appeal is from a judgment affirming the order of the probate court confirming the sale. In other words, it is a direct attack by appeal and nothing in this opinion should be understood as sanctioning a collateral attack upon a guardian's sale, our decision being limited to the point that the order of confirmation under review should have been reversed.

Section 4598, G. S. 1894, limited the duration of a guardian's license to sell real estate to one year from the time of the granting of such license, or within such further time, not exceeding two years, as might be allowed by the court. The revision of 1905 repealed this limitation and the statutes of this state have since contained no provision as to when a guardian's license to sell must be exercised.

A guardian of an incompetent has no common-law right to sell the real estate of his ward nor may he make such a sale, under the statutes of this state, except in compliance with an order of the probate court. He does not derive such power from the original order of appointment. The granting of such a license is left to a subsequent proceeding. The guardian knows, or should know, the condition of his ward's estate and what expenditures may properly be made from it.

In order to obtain a license for the sale of the ward's real estate, the guardian must proceed by petition to the court. The statute prescribes what facts must be set forth in the petition. G. S. 1913, § 7348. The purpose of such requirement is to inform the court of the circumstances and give it jurisdiction in the premises. The truth of the matters set forth in the petition and the correctness of the procedure are for the court to determine. Its decision thereon may be questioned only by direct appellate proceedings. They can-

not be questioned collaterally. Brown v. Pinkerton, 95 Minn. 153, 103 N. W. 897, 900 , 111 Am. St. 448; Kurtz v. St. Paul & Duluth R. Co. 48 Minn. 339, 51 N. W. 221, 31 Am. St. 657; note 12 R. C. L. p. 1140. Yet the time of granting a license to sell has an important bearing upon the duration of the license. The power, vested in the probate court to grant such a license, depends upon the law of the jurisdiction, to be administered in accordance with the circumstances shown to exist by the petition and the proofs in connection therewith. The court must ascertain and determine whether the facts, requisite to the granting of the license, exist.

Appellant urges that the license under consideration, having been granted in August, 1916, and the sale not taking place until September, 1922, over 6 years after the issuance of the license, the latter had expired by lapse of time and the sale was therefore void, while, on the other hand, it is insisted that, in the absence of a statute of limitation, the license continues in full force and effect, during the continuance of the guardianship, unless terminated by some act of the parties, or in a proper proceeding.

We think the guardian had no authority to make the sale at the time he did. There was no presumption that the circumstances, surrounding the ward and his estate, were the same at the time of the sale as when the license was granted. At that late date a new license should have been procured if warranted by the circumstances. Circumstances may have existed at the time of the granting of the license, justifying the order of the court, which did not exist 6 years thereafter.

The statute provides, as a condition prerequisite to a sale, an order, determining the existence of conditions requiring a sale for the benefit of the ward, before a license will be granted. Evidently that inquiry and adjudication referred to the conditions existing at the time being and not those which existed a number of years before or at any other remote time. Where a license to sell has not been availed of for such a period, the circumstances may have materially changed and the necessity for the sale ceased to exist. We are of the opinion and hold that, under the situation, there should be a new license before a sale of the property in question should be had.

Reversed.