[1] Reported in 256 N.W. 891.
This is an appeal from a judgment entered in and by the district court of Morrison county affirming an order of the probate court of that county appointing respondent general guardian of Mary Dahmen, who is the mother of appellant and respondent.
Mary Dahmen is a widow and at the time of trial in the court below was past 80 years of age. In October, 1932, she suffered a stroke which partially affected her speech and left her unable to *Page 408 
move about. She can utter but a few simple words and is to all practical purposes unable to carry on a conversation except that she can answer "yes" and "no" to questions put to her. This condition has continued since the date of her stroke. While she has improved to some extent, yet at the time of trial she had to be brought into the court room resting on a bed. Her condition is described by the trial court in its findings as follows:
"That at the trial, before this court, said Mary Dahmen was wheeled into the court room, resting upon a bed. Her speech has become affected so that she cannot carry on a conversation that is audible at all times. This court, however, heard this woman state definitely that she wanted the respondent to be her guardian, and this court sees no reason why her wish should not be granted."
Mrs. Dahmen was twice married. Appellant is her son and only issue of her first marriage. Respondent is her daughter by her second marriage. They are her only children.
In a lifetime of hard work and by the exercise of the utmost frugality she has accumulated and owns the following property: A modest home estimated to be worth $3,000; cash, bank deposits, stocks, and bonds of the estimated value of $10,400.
Since June 4, 1931, and at the request of Mrs. Dahmen, respondent has lived at her mother's home and has cared for her there. The relationship between mother and daughter appears to be mutually satisfactory and agreeable.
On November 14, 1932, the daughter petitioned the probate court of Morrison county to be appointed general guardian of her mother,
setting forth in her petition that her mother, by reason of old age and disability suffered because of illness, was unable and incompetent to care for and manage her property. The proceeding had was by virtue of 2 Mason Minn. St. 1927, § 8924, which as far as here material reads as follows:
"The probate count may appoint a guardian or guardians of any person who, by reason of old age or loss or imperfection of mental faculties, is incompetent to have the management of his property. * * *" *Page 409 
The son opposed the appointment. After hearing duly had in and by the probate court, the petition was granted and the daughter was appointed general guardian of her mother. She duly qualified in that behalf, but the son appealed to the district court, where the case was tried de novo with the result hereinbefore indicated. The son has prosecuted this appeal to review the decision below.
The cash and securities hereinbefore mentioned came into the possession of the son, who locked the same in a safety deposit box and retained control thereof until the time of trial in the district court, at which time all of the same was turned over to a special guardian appointed to be such with the consent of the contending parties. The special guardian retains possession of the personal property of Mrs. Dahmen, and there is no suggestion made that the special guardian is an improper or improvident person, nor is there any suggestion that he is not acting in conformity with the duties of his office. He is not a party to this appeal.
Prior to the time the daughter came to live with the mother she (the daughter) was engaged in conducting a small store. To enable her to live with and care for her mother it was necessary to dispose of the stock of merchandise. The daughter is a woman of mature years. She has worked over a period of years in a law office in Little Falls, has a good education, and the trial court found her to be "entirely able to properly perform the office to which she has been appointed." The court further found that there is considerable bitterness and ill-will between the son and the daughter.
Appellant has urged but few errors, which for the purpose of decision may be grouped as follows:
(1) That respondent is not a suitable person to be guardian of the mother.
(2) That there should be a new trial because (a) of newly discovered evidence to the effect that respondent is wasteful and improvident and (b) that the trial judge was motivated by bias and prejudice in making the findings and directing the order upon which the judgment here appealed from rests.
1. During the course of the trial in the court below the following appears: *Page 410 
The Court: "Of course so far as this proceeding is concerned she can dismiss if she wants to, but this appeal simply goes to the question of whether this woman is fit to serve as guardian or not.
Mr. Miller: "To make our position clear, we concede that this woman, Mrs. Dahmen, for her best interests, should have a guardian. We have not opposed and would not oppose the appointment of a special guardian for her. We do not oppose the appointment of a guardian at this time. We do, however, oppose the appointment of Mrs. Simmons as guardian. We believe that we are entitled under the law to have an impartial guardian, and that she is not suitable, although she may be competent."
Obviously, the matter in litigation is limited to the single issue that the respondent "is not suitable" to be her guardian. Counsel admits that she is competent, likewise that the necessity for the appointment of a guardian exists.
Generally speaking, the selection of the person to be appointed guardian is a matter peculiarly for and within the discretion of the appointing court. On appeal it devolves upon the appellant clearly to show error. It is also generally conceded that an appointment which has for its object and purpose the status quo of the family relation is of great importance. See 12 R.C.L. 1115. This court has had occasion to pass upon situations somewhat similar to this. Swick v. Sheridan, 107 Minn. 130, 119 N.W. 791. Other cases bearing upon this subject, amongst many, are the following: Prokosch v. Brust, 128 Minn. 324, 151 N.W. 130; Wood v. Wood, 137 Minn. 252,163 N.W. 297; In re Guardianship of Hallenberg, 144 Minn. 39,174 N.W. 443; Wilkowske v. Lynch, 124 Minn. 492,145 N.W. 378.
The probate court as well as the trial court possessed opportunities and advantages not available to us. The parties were before both courts and duly testified. The old lady, who is the most interested party, stated that she wanted her daughter to be her guardian. Both courts found that the daughter was a suitable and competent person to be such. The evidence amply sustains the conclusion reached. There can be no doubt that upon this record a pure fact *Page 411 
question has been determined contrary to appellant's claims. He is bound thereby. We see no reason for interference.
2. (a) The next point urged by appellant is that a number of claims have been filed in the probate court against Mrs. Dahmen and that these indicate that the daughter, respondent here, is wasting the estate of the mother and that she is improvident in respect thereof. The claim made was amply met by counter affidavits in the court below. A pure fact question is involved. The so-called improvident bills are made a part of the printed record. Upon the showing made below, the bills not having been passed upon by the probate court, we are unable to say that there is any evidence of improvident expenditure even if we were to concede, which the record does not support, that these bills were incurred by the daughter. The affidavits indicate rather convincingly that the items procured for the home were not only needful but highly necessary. Furthermore, there is an affidavit by the mother to the effect that the various items furnished and provided were at her request. As she has not lost her mentality, it would seem that there can be no reasonable ground for interference on that ground. The principal bill relates to certain household items furnished by Simonet Furniture Carpet Company. There are some chairs, a heating stove (Heatrola), a range, certain dishes, a washer, a wheel chair, and other items. Mrs. Dahmen in her affidavit states that for a period of nearly 50 years she has gotten along with old and antiquated furniture and household utensils. She states in her affidavit that these items were procured with her knowledge and consent and that the same are necessary.
In view of what has been stated, it does not seem necessary to go further into the facts relating to this particular phase of the case. It is sufficient to say that the evidence amply justified the trial court in denying the motion for new trial upon this ground. The granting of new trials for newly discovered evidence rests very largely in the discretion of the trial court. 5. Dunnell, Minn. Dig. (2 ed. Supp.) § 7123, and cases cited.
(b) Appellant challenges the findings of the court upon the ground that the same go beyond the facts. In certain respects the *Page 412 
court rather pointedly criticizes the appellant. Perhaps some of what the trial judge said in his findings in respect of appellant may not be fully justified. It perhaps would be better if these had been eliminated. But there is no doubt in our minds that the parties in this case, i. e. the son and daughter, entertain anything but proper feelings toward each other. There is rivalry, dislike, and perhaps hatred. Appellant is considerably older than respondent. He has had a great deal of experience in life and in dealings with his fellow men. He seems to be a man of positive opinions. We cannot say as a matter of law that the court was wholly unjustified in finding him a man "of such a domineering spirit that he does not brook any opposition to his plans, especially from her," referring to his sister, the respondent.
We have examined the evidence with the utmost care. That the same abundantly supports the essential findings of the trial court is beyond question. Further discussion can be of no useful purpose to the parties or to the bar.
Affirmed.