**In re CONSERVATORSHIP OF Leonard G. DEUTSCH, Conservatee.**

No. C3–87–1604.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Wayne A. Wentworth, Minneapolis, for appellant Leonard Deutsch.

Steve A. Brand, St. Paul, for respondent David Deutsch.

Considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ.

## OPINION

LANSING, Judge.

On July 15, 1987, the probate court issued an order appointing David L. Deutsch general conservator of the person and estate of Leonard G. Deutsch. Appellant contends that the trial court erred in (1) creating a conservatorship for himself and his estate, and (2) appointing his son as conservator. We affirm.

## FACTS

Appellant Leonard G. Deutsch is a 74–year–old widower. He has two adult children, David L. Deutsch and Mary K. Deutsch. Leonard Deutsch is a barber by profession and continues to operate a barbershop in a limited manner. He resides by himself in a single-family dwelling in Minneapolis.

Leonard Deutsch suffers from mental problems diagnosed as schizophrenia, chronic-paranoid with atypical bipolar features. He responds favorably to medication, but lacks insight into his problems and at times neglects his medication. As a result, he relapses into periods of chronic mental illness during which he loses his judgment and becomes aggressive, angry and resentful. He was hospitalized for mental illness on July 11, 1986, and again on September 4, 1986.

The trial court found that during these periods of relapse, Leonard Deutsch needs a conservator to manage his estate and person. David L. Deutsch, by petition dated January 15, 1987, requested his own appointment as guardian of the person and estate of Leonard Deutsch.

## ISSUES

1. Did the trial court err in appointing a conservator for Leonard Deutsch?

2. Did the trial court err in appointing Leonard Deutsch's son as his conservator?

## ANALYSIS

### I

Leonard Deutsch contends the probate court erred in appointing a conservator for himself and his estate. To substantiate the need for a conservator, the court must determine that the proposed conservatee is incapacitated. Minn.Stat. § 525.551, subd. 5(b) (1986).

In determining that Leonard Deutsch was incapacitated as defined by Minn.Stat. § 525.54 (1986), the probate court found:

> The conservatee lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person and his estate or financial decision in certain areas * * *. The conservatee has demonstrated behavioral deficits evidencing inability to meet his needs for medical care, nutrition, clothing, safety or shelter, and to manage his estate especially when he suffers from episodes of mental illness.

The probate court also found that Leonard Deutsch needs the protection of a conservator and that no appropriate alternatives to conservatorship exist which would be less restrictive of his civil rights and liberties. Minn.Stat. § 525.551, subd. 5(b) (1986).

■ Neither party provided us with a transcript of the conservatorship hearing. Therefore, "our scope of review is limited to whether the [probate] court made any errors of law based on the facts as the [probate] court found them to be." *Cro-*

*nin v. Cronin,* 372 N.W.2d 778, 781 (Minn. Ct.App.1985). The findings of the probate court, stated above, support its order creating a conservatorship for Leonard Deutsch.

## II

Leonard Deutsch also challenges the trial court's appointment of his son, David Deutsch, as conservator. "The Minnesota Supreme Court has long held that the appointment of a guardian is a matter peculiarly for and within the discretion of the appointing court." *Schmidt v. Hebeisen,* 347 N.W.2d 62, 64 (Minn.Ct.App.1984) (citing *In Re Guardianship of Dahmen,* 192 Minn. 407, 256 N.W. 891 (1934)).

The probate court found that David Deutsch is the most suitable and best qualified among those available and willing to act as conservator. *See* Minn.Stat. § 525.551, subd. 5(b) (1986). Although the court's findings did not specifically address Leonard Deutsch's best interests as they relate to the appointment of David Deutsch, this deficiency was not raised on appeal.[1] Furthermore, the court's findings on David Deutsch's suitability to act as his father's conservator reasonably encompass considerations of the father's best interests.

Absent a showing of clear abuse of discretion, the reviewing court will not interfere with the probate court's appointment of a conservator. *Schmidt,* 347 N.W. 2d at 64. As previously stated, our scope of review is limited in this case. Based on our review of the limited record available, we conclude that the court's appointment of David Deutsch is supported by the court's findings of fact and is not a clear abuse of discretion.

## DECISION

The probate court did not abuse its discretion in appointing David L. Deutsch as

1. The statute, in pertinent part, provides:
   The court's finding as to the best available guardian must specifically address the reasons for the court's determination that the

conservator of the person and estate of Leonard G. Deutsch.

Affirmed.

appointment of that person is in the best interests of the ward or conservatee.
Minn.Stat. § 525.551, subd. 5 (1986).