In re GUARDIANSHIP and Conservatorship OF Helen Louise DURAND, Ward/Protected Person.

No. A13–1415.

Court of Appeals of Minnesota.

March 3, 2014.

Diane B. Bratvold, Richard G. Mark, W. Knapp Fitzsimmons, Briggs & Morgan, PA., Minneapolis, MN, for appellant Lynn Krebes–Lufkin, as personal representative of the estate of William F. Krebes.

John T. Richardson, St. Paul, MN, for respondent Helen Louise Durand.

Mark D. Anderson, Anderson Law Office, Prior Lake, MN, for respondent James Gerald Durand.

Luther M. Amundson, Maser, Amundson P.A., Minneapolis, MN, for respondent

Alternate Decision Makers, Inc., Guardian and Conservator of Helen Durand.

Carl A. Blondin, Carl A. Blondin, P.A., Oakdale, MN, for respondents Paul Andre Durand, Mary Jo Katter, and Gregory Joseph Durand.

Considered and decided by JOHNSON, Presiding Judge; RODENBERG, Judge; and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.*

Appellant Lynn Krebes–Lufkin challenges a probate court order granting summary judgment in favor of respondent Alternate Decision Makers, Inc. (ADMI), the court-appointed conservator and guardian of the deceased's surviving spouse, respondent Helen Louise. Durand (Durand). Appellant argues that the district court erred in finding Minn.Stat. § 524.2–212 (2010) unconstitutional. Because we conclude that the protected and non-protected surviving spouses are not similarly situated, we reverse.

## FACTS

Appellant's father, William F. Krebes, died in October 2009, and appellant was appointed as personal representative for Krebes's estate in Dakota County probate court. At the time of his death, Krebes had been married to Durand for approximately 14 years. In October 2010, Durand's children petitioned the Hennepin County probate court to place Durand under conservatorship. The probate court appointed ADMI as Durand's conservator based on its finding that Durand lacked capacity to "manage property and business affairs because of an impairment in her ability to receive and evaluate information or make decisions" due to mental and physical impairments. The probate court further found that Durand's "condition also leaves her vulnerable to potential financial exploitation, both from within her family and from outside sources[,]" and that she "has demonstrated confusion about her own assets and an inability to properly pay her bills in a timely manner." [1]

On November 12, 2010, ADMI filed a petition seeking court authorization to file for an elective share of Krebes's estate pursuant to section 524.2–212. On the same day, the Hennepin County probate court issued an order authorizing ADMI's petition, and ADMI filed an elective-share petition on Durand's behalf.

On May 31, 2011, appellant filed an objection to, and a motion to dismiss, ADMI's elective-share petition in the Dakota County probate court. Appellant contended that she did not receive notice or an opportunity to be heard in the Hennepin County proceeding. The probate court found that appellant was not an "interested party" and therefore not entitled to notice of the proceedings related to the November 12th elective-share petition. The probate court denied appellant's objection and motion to dismiss, and appellant appealed.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Additionally, in January 2011, the Hennepin County probate court appointed ADMI as Durand's guardian. The probate court made the required finding that Durand is an incapacitated person who "is impaired to the extent of lacking sufficient understanding or capacity to make or communicate responsible decisions concerning [her] personal needs for medical care, nutrition, clothing, shelter or safety."

On appeal, this court concluded that, regardless of whether the order was mistaken, the order was final and could not be collaterally attacked. Alternatively, this court found that, while the lack of notice to appellant regarding the elective-share proceeding was in error because she was an "interested person" as defined by statute, it was not a jurisdictional defect rendering the probate court's order void. *In re Estate of Krebes,* No. A11–1408, 2012 WL 987310, at *3–4 (Minn.App. Mar. 26, 2012), *review denied* (Minn. June 19, 2012).

Following this court's decision, appellant filed a Minn. R. Civ. P. 60.02 motion, requesting that the probate court vacate its November 12th order and hold an evidentiary hearing pursuant to Minn.Stat. §§ 524.2–212, .5–411 (2010). The Hennepin County probate court granted the motion and found that appellant was an affected person and ADMI's failure to provide notice of the elective-share petition was a "mistake" within the meaning of Minn. R. Civ. P. 60.02. Therefore, appellant was entitled to notice and an opportunity to be heard at any hearing involving the elective-share petition. The probate court authorized discovery and set a date for the evidentiary hearing. Prior to the evidentiary hearing, ADMI filed a motion for summary judgment, arguing that section 524.2–212 is unconstitutional and claiming that Durand is entitled to elect against Krebes's will as a matter of right. The Hennepin County probate court granted ADMI's motion for summary judgment and allowed ADMI's claim against the estate to proceed. This appeal follows.

## ISSUE

Does Minn.Stat. § 524.2–212 violate equal protection rights under the Minnesota Constitution?

## ANALYSIS

■ On appeal from summary judgment, the reviewing court must consider whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Taylor v. LSI Corp. of Am.,* 796 N.W.2d 153, 155 (Minn.2011). Because there are no disputed material facts here, we review a constitutional challenge to a statute de novo. *In re Individual 35W Bridge Litig.,* 806 N.W.2d 820, 829 (Minn.2011). "We presume statutes to be constitutional and exercise the power to declare a statute unconstitutional with extreme caution and only when absolutely necessary." *Id.* (quotation and citation omitted). As a result, we uphold a statute unless the challenging party demonstrates that the statute is unconstitutional beyond a reasonable doubt. *Irongate Enters., Inc. v. Cnty. of St. Louis,* 736 N.W.2d 326, 332 (Minn. 2007).

■ Appellant argues that the probate court erred in finding section 524.2–212 unconstitutional beyond a reasonable doubt under the equal protection clause of the Minnesota Constitution. The Minnesota Constitution guarantees that "[n]o member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Minn. Const. art. 1, § 2. This clause has been described by our supreme court as a "mandate that all similarly situated individuals shall be treated alike." *Greene v. Comm'r of Minn. Dep't of Human Servs.,* 755 N.W.2d 713, 725 (Minn.2008). And "we routinely reject[ ] equal-protection claims when a party cannot establish that he or she is similarly situated to those whom they contend are being treated differently." *Schatz v. In-*

terfaith Care Ctr., 811 N.W.2d 643, 656 (Minn.2012) (quoting State v. Cox, 798 N.W.2d 517, 521 (Minn.2011) (omission in original)); see, e.g., State v. Mitchell, 577 N.W.2d 481, 492–93 (Minn.1998) (rejecting equal protection claim because 15–year–old defendant, who committed first-degree murder and was tried as an adult, was not similarly situated to 15–year–olds who commit first-degree murder but remained in the juvenile system).

■■ When a challenged classification does not involve a suspect classification or a fundamental right, we review a constitutional challenge to the statute under a rational basis standard. Scott v. Minneapolis Police Relief Ass'n, Inc., 615 N.W.2d 66, 74 (Minn.2000). Because neither a suspect classification nor a fundamental right is at issue here, a successful challenge to section 524.2–212 must show that (1) the involved persons are similarly situated; and (2) there is no rational basis for the statute. Schatz, 811 N.W.2d at 656.

Section 524.2–212 provides:

> The right of election of the surviving spouse may be exercised only during the surviving spouse's lifetime. In the case of a protected person, the right of election may be exercised only by order of the court in which protective proceedings as to the protected person's property are pending, after finding (1) that exercise is necessary to provide adequate support for the protected person during the protected person's probable life expectancy and (2) that the election will be consistent with the best interests of the natural bounty of the protected person's affection.

The probate court determined that there was no reasonable justification to treat spouses acting through conservators differently from spouses acting on their own behalf. Appellant maintains that the probate court erred because protected spouses and non-protected spouses are not similarly situated. We agree.

■■ In reviewing the probate court's equal protection finding, the threshold question "is whether the claimant is treated differently from others to whom the claimant is similarly situated in all relevant respects." State v. Johnson, 813 N.W.2d 1, 12 (Minn.2012). Under section 524.2–212, the two classifications at issue are protected spouses and non-protected spouses. A "protected person" is defined as "a minor or other individual for whom a conservator has been appointed or other protective order has been made." Minn. Stat. § 524.5–102, subd. 14 (2010). The primary purpose of a conservatorship is to protect the person and property of a "class of citizens who are incapable of fully protecting themselves." In re Conservatorship of Smith, 655 N.W.2d 814, 820 (Minn. App.2003) (quoting Prokosch v. Brust, 128 Minn. 324, 327, 151 N.W. 130, 132 (1915)). Accordingly, the state has enacted a comprehensive statutory scheme to safeguard the interests of protected persons. See Minn.Stat. §§ 524.5–401 to –433 (2010) (delineating the procedures, rights, and powers associated with a conservatorship). Once an individual is deemed a "protected person," control over his or her property and business affairs is circumscribed. Therefore, the Minnesota law mandates a two-pronged review before an individual is placed under conservatorship or a protective order.

First, the probate court must determine, by clear and convincing evidence, that "the individual is unable to manage property and business affairs because of an impair-

ment in the ability to receive and evaluate information or make decisions...." Minn. Stat. 524.5–401(2)(i). Second, the probate court must find, by a preponderance of the evidence, that "the individual has property that will be wasted or dissipated unless management is provided...." *Id.* (ii). After a court determines that an individual is a "protected person," the court retains control over the protected person either directly or through a conservator who is subject to the control of the court at all times and in all things. *See* Minn.Stat. § 524.5–410 (giving the court "all the powers over the estate and business affairs of the protected person" that a protected person could exercise but for the protective order); Minn.Stat. § 524.5–417(a) (subjecting the conservator to the "control and direction of the court at all times"). Furthermore, the legislature has enumerated an additional bill of rights for wards and protected persons. Minn.Stat. § 524.5–120 (2010).

As evidenced by the statutory framework, the required findings, and the court-retained oversight, the state has determined a protected person's impairment warrants additional protections and has legislated accordingly. For this reason, we conclude that protected and non-protected spouses are not similarly situated.

Respondents also argue, and the district court concluded, that the appointment of a conservator mitigates the fact that protected spouses are unable to make their own financial and business decisions. In other words, that the presence of a conservator makes protected and non-protected spouses similarly situated. We disagree.

Inherent in an elective-share statute is the decision to accept a testamentary devise or elect against the will. An election has been defined as: "[T]he obligation im-posed upon a party to choose between two inconsistent or alternative rights or claims...." *Washburn v. Van Steenwyk,* 32 Minn. 336, 350, 20 N.W. 324, 327 (1884). An election by a surviving spouse is contrary to the decedent's testamentary intent. *See* Minn.Stat. § 524.1–102(b)(2) (2010) (stating that one purpose of Minnesota's probate code is to "make effective the intent of a decedent in distribution of property"). And it is not always in a surviving spouse's best interest to augment his or her estate via an elective share. If "best interest" is determined solely by maximizing a spouse's wealth at that time, then it would be. But many people consider a variety of factors, some of which might outweigh a financial advantage. *See State ex. rel. Percy v. Hunt,* 88 Minn. 404, 410, 93 N.W. 314, 316 (1903) (stating an elective-share decision "is not necessarily a question of mere pecuniary advantage. [A petitioner's] knowledge of the family arrangements and of the motives and wishes of her husband, and other considerations better known and appreciated by her, may have weight and influence with her in determining her election.").

The legislature has reasonably determined that a protected spouse's overall best interests are served by maintaining court oversight over elective-share petitions. This oversight is consistent with the required court approval for other estate-related proceedings concerning a protected person's property. *See* Minn.Stat. § 524.5–411(a) (listing nine circumstances requiring prior court authorization before a conservator may act). Accordingly, we conclude that once a court determines that a spouse is a "protected person," the protected spouse is no longer situated similarly to a non-protected spouse. In light of this conclusion, we decline to apply ration-

al-basis review to section 524.2–212. We hold that respondents have not met the heavy burden of proving section 524.2–212's unconstitutionality.

## DECISION

Because protected spouses and non-protected spouses are not similarly situated, the district court erred in finding Minn. Stat. § 524.2–212 unconstitutional. We therefore reverse the probate court's grant of summary judgment.

**Reversed.**